upon petition, to accept the resignation of a trustee, and to discharge him from his trust in certain cases, it is at least doubtful whether this provision extends to the case of an executor, so far as relates to his power to sue for and collect debts due to the testator, or as relates to his liability to creditors, legatees, and next of kin on account of the personal estate which may have come to his hands.

When one of several trustees will not be discharged without substituting another in his place.

And the chancellor was of the opinion that the discharge of the petitioner, without appointing a new trustee in his place, would render it doubtful whether the remaining executors could execute the power in trust to sell the testator's real estate, so as to give a good title to purchasers; inasmuch as none of the provisions of the revised statutes respecting executors or trustees authorize a part of the executors to whom a joint power is given, to execute the same, so as to transfer a good title to the purchaser, where one of those to whom such joint power was given has been discharged from his trust by this court after he had accepted the trust, and duly qualified as executor.

That if the person creating the trust has not authorized it to be executed by a part of the trustees, the court must appoint a new trustee in the place of the one who has resigned or been removed, to join with the others in the execution of the trust to power in trust, in order to give a valid title to a purchaser.

Petition denied.

*The American Life Insurance and Trust Co.* v. *Gary* v. *Sackett et al.* S. D. VAN SCHAACK, for defendant Sackett; J. RHOADES, for complainant. Application on the part of defendant G. V. Sackett for an order to examine co-defendants, and for a commission, and to extend the time to take

Affidavit on motion for leave to examine a codefendant as a witness.

testimony. The chancellor decided that upon an application for leave to examine a co-defendant as a witness there must be an affidavit that the person proposed to be examined is not interested in the matters to which he is to be examined; and and that an affidavit of the solicitor, that he advised and believes such person is a competent witness is not sufficient

Also *held* that where an original bill has been filed against all the necessary parties, but in consequence of the transfer of the interest of one or more of the defendants to a third person, who represents the same right and interest—as, by a sale or bankruptcy pending the litigation—it becomes necessary to file a supplemental bill merely against the grantee or assignee of the original defendant, to bring him before the court as a party, the only matter proper to be put in issue by such supplemental bill, unless some matter of defence has arisen since the joining of the issue in the original cause, is the supplemental matter which is stated in the bill, to show the transmission of interest from the original party to the new party who is brought before the court by the supplemental bill.

That the effect of such a bill is to review the proceedings against the new party who has succeeded to the rights of the original party, and place them in the same situation as they were against the latter when the original suit became defective. If the original bill had been fully answered, the new defendant adopts that as his answer to the original bill. If the bill had been taken as confessed, the order pro confesso stands as against him, unless he obtains leave of the court to have it opened; and if the proofs in the cause have been closed they remain closed as against him.

That a supplemental bill of this character is a mere continuation of the original suit against the new defendant who has succeeded to the interest of the former party; and the sup plemental suit, together with the orginal bill and the proceedings under it, constitute but one record. And if the supplemental bill is filed before a decree, the original and supplemental suits are heard together, and but one decree will be made in both.

Application denied, with $10 costs.

*John Spier* v. *Ann Nessle et al.* A. C. Paige, for Petitioner. Order to pay the money in the court to the petitioner, in discharge of his claim upon the defendant.

*David P. Corey* v. *Poppe Cornelius et al.* A. C. Paige,