Mark L. McDonald, Respondent, *v.* Erwin Davis, Appellant.

Where, in an action upon a judgment of a court of another State it appeared that the judgment was obtained, intermediate the commencement by the defendant of voluntary proceedings in bankruptcy and the granting of his discharge therein, and that the judgment was upon a debt provable in said proceedings, and which existed at the time of their commencement, *held*, that the discharge operated upon the judgment and was a good defense to the action.

The fact that in the late bankrupt act there was a provision for a stay of proceedings in an action prior to the discharge, and that defendant failed to avail himself of it, or having procured a stay, it was by reason of his neglect vacated, does not so merge the debt in the judgment as to escape the force of the discharge.

*Revere Copper Co.* v. *Dimock* (90 N. Y. 33); *Hill* v. *Harding* (107 U. S. 631), distinguished.

Also *held,* that as the discharge was not in existence at the time of the rendition of the judgment, it was not necessary to apply to the court which rendered it for leave to set it up; that it was competent to interpose it as a shield in any action or proceedings taken to enforce the judgment.

Defendant procured a stay of the original action; the bankruptcy court, by an order, vacated the stay, permitting plaintiff to proceed as if never restrained, and if he obtained judgment, to take any other proceeding the law and practice of the State court allowed. *Held,* that said order had no effect by way of limitation upon the subsequent discharge; and that it could properly be pleaded and its full legal force insisted upon in this action.

(Argued April 18, 1887; decided May 3, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 9, 1885, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court.

This action was upon a judgment, the nature of which and the material facts are stated in the opinion.

*Joseph H. Choate* and *Henry A. Root* for appellant. The fact that the original claim has been reduced to judgment, does not merge it in the judgment. The judgment is not a new debt. (*Clark* v. *Rowling,* 3 N. Y. 216; *Monroe* v. *Upton,* 50 id. 598; *Dresser* v. *Brooks,* 3 Barb. 429; *In re Brown,* 3 Nat. B'k Reg. 145; *In re Stansfield,* 16 id. 268; *Fox* v. *Woodruff,* 9 Barb. 498; *In re Van Buren,* 19 Nat. B'k Reg. 149, 150; *In re Stevens,* 4 id. 122; *In re Vickery,* 3 id. 171; *In re Crawford,* id. 171; *In re Rosey,* 8 id. 507; *Arnold* v. *Oliver,* 64 How. Pr. 452.) No facts have been proved in this case which take the plaintiff's claim out of the operation of the general rule. (*Palmer* v. *Hussey,* 87 N. Y. 303, 310; *In re Stansfield,* 16 Nat. B'k Reg. 268; *The World Co.* v. *Brooks,* 3 id. 588; 105 U. S. R. S. § 5; *In re Rosenberg,* 2 Nat. B'k Reg. 236; *Dingee* v. *Becker,* 9 Pa. 196; Bump on Bank'cy [10th ed.], 273; *In re Belden,* 6 Nat. B'k

Reg. 443 ; *In re Rosenberg,* 2 id. 236, 240 ; *In re Ghiradelli*
4 id. 164.)   Whether Davis was or was not entitled to a dis-
charge in February, 1873, as the bankruptcy act then
read, is open to question upon the authorities.   (*In re
Donaldson,* 2 Dillon, 146 ; *In re Pierson,* 10 Nat. B'k Reg.
107, 118, 119 ; *In re Canaday,* 3 id. 11.)   The discharge is
made by the statute, the record itself.  (§§ 5, 119.)   Other
papers in the proceeding are merged in and superseded by it
and should stand on the same footing when offered in evi-
dence as writings, opinions and parol proof offered to show
the grounds of a judgment.   Such proof is admissible where
a judgment is silent or ambiguous, but is never permitted to
explain away or contradict its express terms.   ( *Wood* v. *Jack-
son,* 8 Wend. 1; *Kerr* v. *Hays,* 35 N. Y. 651 ; *Young* v.
*Rummell,* 2 Hill, 478; *Stedman* v. *Patchin,* 34 Barb. 218;
*Blumenthal* v. *Anderson,* 91 N. Y. 171.)   The discharge is
the judgment of a court and stands upon the footing of other
judgments.  (*Stevens* v. *Brown,* 11 B'k Reg. [Miss. Sup.]
563, 572 ; *Lathrop* v. *Stewart,* 5 McLean, 167 ; *Ocean Nat.
B'k* v. *Olcott,* 46 N. Y. 12, 15 ; *Smith* v. *Nelson,* 62 id.
286, 288.)

*Edmund Randolph Robinson* for respondent.   The Bank-
ruptcy Law of 1867 necessarily contemplates that, notwith-
standing the proceedings in bankruptcy, a valid and enforceable
judgment may be obtained against the bankrupt, which will
not be barred by a subsequent discharge upon the failure of
the bankrupt to apply for or obtain a stay ; or the dissolution
of the stay in consequence of unreasonable delay on the
part of the bankrupt in applying for his discharge.  (*Brad-
ford* v. *Rice,* 102 Mass. 472; *Cutter* v. *Evans,* 115 id. 27;
*Boynton* v. *Ball,* 105 Ill. 628 ; *Holden* v. *Sherwood,* 84 id.
92; *McCarthy* v. *Goodwin,* 8 Mo. App. 380 ; *Bowen* v.
*Eichel,* 91 Ind. 93 ; *Palmer* v. *Merritt,* 57 Me. 29 ; *Stedman*
v. *Lee,* 61 Ga. 58 ; *Miller* v. *Clements,* 54 Tenn. 351 ; *Wills* v.
*Edmison,* 32 Alb. L. J. 70 ; *Gardner* v. *Hengehold,* 5 Cin.
L. Bul. 792 ; *In re Williams,* 2 N. B. R. 229 ; *In re Gallison,*

5 id. 35 ; *Mansfield's Case,* 6 id. 388 ; *Dingee* v. *Becker,* 9 id. 508 ; *Doe* v. *Childress,* 21 Wall. 642 ; *Eyster* v. *Goff,* 91 U. S. 521; *Hill* v. *Harding,* 107 id. 631 ; *Dimock* v. *Revere Copper Co.,* 117 id. 559 ; *McDonald* v. *Davis,* 19 Supreme Ct. 95.) A bankrupt by his laches in prosecuting his proceedings for discharge loses his right to restrain creditors, and loses the benefit of his discharge as to a creditor who pursues and obtains his remedy, as the plaintiff in this case did, by motion to vacate the stay and proceed to judgment and execution. Such a creditor has a right to collect the judgment, if obtained, out of after-acquired assets. (14 U. S. St. at Large, 531, § 29 ; Bump on Bank., 240 ; *In re Woolums,* 1 B. R. 131 ; *In re Bodenheim,* 2 id. 133 ; *In re Martin,* id. 169 ; *In re Wilmott,* id. 76 ; *In re Cannady,* 3 id. 3 ; *Belden's Case,* 6 N. B. R. 443 ; *Dingee* v. *Becker,* 9 id. 508 ; *In re Gallison,* 5 id. 353.)

PECKHAM, J. The judgment sued on herein was obtained in the State of California against defendant, intermediate the commencement by him of voluntary proceedings in bankruptcy in that State and the granting of the discharge therein. The judgment was founded upon a debt which existed at the time the bankruptcy proceedings were commenced, which debt was provable and was in fact proved in the bankruptcy proceedings. Under the bankrupt act of 1841 this court held that a discharge in bankruptcy operated upon such a judgment. (*Clark* v. *Rowling,* 3 N. Y., 216.)

The ground upon which that decision rested was that although technically a judgment upon a contract merged the original debt, yet it did not do it so completely that the court could not look behind the judgment to see upon what it was founded, for the purpose of protecting the equitable rights of the parties in their original relations to each other. It was said that in such a case a judgment, instead of being regarded strictly as a new debt, was to be looked upon as the old debt in a new form, so as to prevent a technical merger from working injustice.

The learned counsel for the plaintiff claims, however, that

there are some provisions of the late bankrupt law which differ in such a material degree from those of the law of 1841 as to call for a different disposition of the case. It is urged that in the act of 1841 there was no provision for a stay of proceedings in an action prior to the discharge in bankruptcy, and hence a judgment obtained prior thereto should be discharged by the certificate, while in the later act there is an express provision for such stay, and a defendant has a legal right to it. The argument, then, is that if, having the legal right to a stay, he does not procure it, or, having once procured it, if it have been vacated by reason of his own neglect, the judgment then obtained ought to merge the debt and escape the force of the discharge in bankruptcy.

Although it does not appear that this precise argument has been heretofore used for the purpose of permitting such a judgment to remain, notwithstanding the discharge, still the question of the effect of such discharge, under the later bankrupt act, upon a judgment obtained under similar circumstances as the one in suit, has been decided, and we do not think it wise to open the door to further discussion here. (*Monroe* v. *Upton*, 50 N. Y. 593–597.) That case decided the question in the same way as *Clark* v. *Rowling* (*supra*). Nothing said or decided in *Revere Copper Company* v. *Dimock* (90 N. Y. 33) affects this question. The judgment in that case was subsequent to the discharge, and the court simply held that the determination by the judgment of the existence of a debt on that day was conclusive, and the prior discharge could not be set up to dispute the absolute verity which the judgment imported. The cases of *Clark* v. *Rowling* and *Monroe* v. *Upton* (*supra*) were cited with approval, and distinguished from the one then under discussion.

The case went to the Supreme Court of the United States, where the judgment was affirmed, the court holding that as the discharge had been obtained before the entry of the judgment, application to the court should have been made for leave to plead it as a defense, and as that was not done the judgment was valid, like any other judgment in an action

where a good defense existed but had not been pleaded, and that such defense could not thereafter be set up in an action on the judgment. (*Dimock* v. *Revere Copper Company*, 117 U. S. 559–565.)

There is nothing in the case of *Hill* v. *Harding* (107 U. S. 631) which impairs the authority of the two cases in this court already referred to, and we must still adhere to the law as therein decided, although the courts of some other States may have taken a different view of the question. Of course, the discharge operates only when pleaded, like the defense of a release or payment, and it must exist in order to be pleaded. Hence the answer to the plaintiff's claim, that the Supreme Court of California was the only tribunal to which to apply for leave to set up the discharge. If the discharge had been in existence before judgment was entered, undoubtedly that tribunal would have been the one to apply to for leave to set it up as a defense to the action. As it had not been granted at that time, it was then competent to interpose it as a shield to any proceeding taken to enforce the judgment, by asking for a perpetual stay upon the execution, if one were issued, or by setting it up as an answer to any action brought upon the judgment. This is all, as I understand the cases, that has been decided by any court of this State, or by the Supreme Court of the United States.

The next question is as to the construction and effect of the order in the bankruptcy court in California vacating the stay which defendant had procured, and permitting plaintiff to proceed with his case the same as if never restrained, and in case he obtained judgment therein, permitting him to take any other proceedings that the law and practice of the State court allowed. We think this order had no effect by way of limitation upon the subsequent discharge of defendant, and that it could, therefore, be properly pleaded and its full legal force insisted upon in this action. The order simply took away from the defendant the protection of the statute while he was obtaining his discharge, leaving the plaintiff at liberty, if he could, to obtain judgment and issue execution thereon,

and enforce payment of his debt before the discharge was obtained. This is or might be in many cases a most desirable privilege to a plaintiff, while the defendant, by his negligence, is deprived of his freedom from harassing litigation during the bankruptcy proceedings, which he otherwise would be entitled to, and which was one of the reasons for the provision grant·ing a stay. (*Hill* v. *Harding, supra.*)

As we think this to be the true construction of the order, it is unnecessary to examine the question of its legality, provided it were construed as the court at General Term did, as· in effect a dismissal of the bankrupt proceedings as to the plaintiff, grounded upon the assumed right to dismiss them altogether as to everybody, because the defendant had not applied to be discharged within one year after his adjudication as a bankrupt, there being, as alleged, no assets in the hands of the assignee. The court should have granted the motion of defendant to direct a verdict for him, on the ground of the discharge in bankrupty being a perfect defense to the action.

The judgment should, therefore, be reversed and a new trial ordered, costs to abide event.

All concur.

Judgment reversed.