(72 App. Div. 290.)

### LATIMER v. McKINNON et al.

(Supreme Court, Appellate Division, Third Department.   May 7, 1902.)

PLEADING—SUPPLEMENTAL ANSWER—STIPULATION—DISCRETION OF COURT.

Where an attorney for defendants, in an action on a note, agreed to pay any final judgment rendered against them, or so much as remained unpaid after the return of an execution, in consideration of plaintiff opening a default judgment and permitting an answer, the court, in its discretion, on the second trial, properly denied leave to defendants to serve a supplemental answer alleging their discharge in bankruptcy, obtained since the commencement of the action.

Appeal from special term.

Action by Oliver C. Latimer against Frank H. McKinnon and another. From an order denying leave to defendants to serve a supplemental answer alleging a discharge in bankruptcy obtained since the commencement of the action, they appeal. Affirmed.

In 1894 the defendants suffered default, and a judgment in favor of plaintiff was directed. On an application to open the default, and in consideration of the consent of plaintiff's attorney thereto, James R. Baumes, defendants' attorney of record, executed and delivered to plaintiff a writing, which thus reads: "Supreme Court. Oliver C. Latimer against Frank H. McKinnon and Walter H. Burrows. For and in consideration of the consent of plaintiff's attorney to open the default taken by the plaintiff herein on the 14th day of September, 1894, and upon which judgment was ordered in favor of the plaintiff for $2,002.69, damages and costs of the action, I hereby agree that in case the plaintiff recover judgment against the defendants in this action, and the judgment so recovered shall be affirmed if appealed from, and execution returned against the defendants unsatisfied, to pay the amount of said judgment, or that part unpaid by the defendants. It is fully understood that this agreement shall not make the said subscriber liable until the defendants have had full opportunity to appeal from any judgment that may be recovered against them, and only for the sum found due after said appeal or appeals are taken and decided; and this is intended to secure any sum that the plaintiff may recover finally in this action. Dated September 17th, 1894. James R. Baumes, Defendant's Attorney, Sidney, N. Y." A judgment was subsequently rendered, which was reversed by the court of appeals, and a new trial was granted. Pending the new trial, and on June 10, 1901, the defendants were discharged in bankruptcy from all provable claims, and they now seek to make such discharge a part of their answer.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

James R. Baumes (W. H. Johnson, of counsel), for appellants.
W. B. Matterson, for respondent.

KELLOGG, J. Except for the written agreement made by James R. Baumes to pay any final judgment rendered against the defendants in this action, or so much of such judgment as remains unpaid after execution shall be returned, I think leave to serve a supplemental answer making the discharge in bankruptcy a defense should be granted. The claim belongs to that class which the bankruptcy law declares provable, and hence is barred by a discharge. The claim is upon a promissory note. The defendants have by answer set up matter in defense, and the bankruptcy court on that account has treated it as "unliquidated," and directed that it be liquidated in this action. This is only a means taken to determine how much, if anything, is owing by the bankrupts on the note; how much the trustee in bankruptcy shall allow in distribution of the assets. The case, I think, is a proper one for the exercise of judicial discretion. Holyoke v. Adams, 59 N. Y. 233. The situation seems to be this: If the application were granted it would be possible for defendants to prevent the entry of any judgment against them, and by so doing defeat such right of action as the plaintiff may have against Baumes on the written agreement. That writing contemplates a judgment and execution to be issued thereon and a right of action for the uncollected amount. Until the return of execution the right to sue is suspended. On the other hand, if the application is denied the defendants may, through the well-recognized equity practice, procure a perpetual stay upon any judgment rendered, a practice wherein the interest of all parties in such a stay will be considered. McDonald v. Davis, 105 N. Y. 508, 12 N. E. 40; Bank v. Gerry, 106 N. Y. 467, 13 N. E. 453; Monroe v.

Upton, 50 N. Y. 593. Or the defendants may apply, under section 1268 of the Code of Civil Procedure, for a cancellation of the judgment. That section provides "that at any time after one year has elapsed since a bankrupt was discharged from his debts * * * he may apply upon proof of his discharge to the court in which a judgment was rendered against him * * * for an order directing the judgment to be cancelled and discharged of record. If it appears upon the hearing that he has been discharged from the payment of that judgment, or the debt upon which such judgment was recovered, an order must be made directing said judgment be cancelled and discharged of record." In any case it would seem that the defendants are provided with a remedy sufficient for their personal protection, aside from the remedy here sought, namely, leave to amend their answer setting up the discharge, and in compelling defendants to resort to such other remedy the rights of plaintiff may be saved. The defendants received a benefit through the making of the agreement, and they ought not to be aided unreasonably in any effort to make the contract nugatory as between plaintiff and Baumes.

The order should be affirmed, with $10.00 costs and disbursements. All concur.