(85 App. Div. 224.)

### LATIMER v. McKINNON et al.

(Supreme Court, Appellate Division, Third Department.   June 30, 1903.)

1. SUPPLEMENTAL COMPLAINT—ORDER DIRECTING—CONSTRUCTION.
    An order directing a supplemental complaint, to contain an allegation of the bankruptcy of defendants, and the appointment and qualification of a trustee, "and other proper and necessary allegations," grants leave to serve a supplemental complaint in addition to, and not in place of, the original complaint; Code Civ. Proc., § 544, providing that supplemental pleadings may be either in addition to, or in place of, the former pleading.

2. BANKRUPTCY—PENDING LITIGATION—MAKING TRUSTEE PARTY—CAUSE OF
    ACTION—NECESSITY OF ALLEGING.
      Where, pursuant to direction of the bankruptcy court, defendants'
    trustee is made a party defendant to a pending action on contract, it is
    not necessary that plaintiff's pleadings, alleging the trustee's representa-
    tive capacity, and the transfer to him of the title to defendants' property,
    should also state a cause of action against him.
3. SAME—SUPPLEMENTAL COMPLAINT—PRAYER—EFFECT.
      The fact that a supplemental complaint bringing in as a party de-
    fendants' trustee in bankruptcy, as directed by the bankruptcy court,
    having merely alleged the trustee's representative capacity, prays the
    same judgment as the original complaint, is no ground for a demurrer
    by the trustee, there being an answer in the case; Code Civ. Proc., §
    1207, limiting plaintiff's judgment to his prayer, only applying in the ab-
    sence of an answer.

Appeal from Special Term, Chenango County.

Action by Oliver C. Latimer against Frank H. McKinnon and an-
other, and James H. Clark, as trustee in bankruptcy of the other
defendants. From an order and interlocutory judgment overruling
the trustee's demurrer to the complaint and supplemental complaint,
he appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHEST-
ER, and HOUGHTON, JJ.

James R. Baumes and William H. Johnson, for appellant.
W. B. Matterson, for respondents.

HOUGHTON, J. This action, in various phases, has been before
this court many times. In 1894 the defendants McKinnon and Bur-
rows suffered default, and a judgment was entered by the plaintiff
against them. On an application to open the default, and in consid-
eration of the consent of the plaintiff's attorney thereto, James R.
Baumes, defendants' attorney of record, executed and delivered to
the plaintiff an agreement that he would pay any judgment, not col-
lected by execution, which might finally be awarded against the de-
fendants after the same had been tested by appeals. A trial was
had on the opening of said default, a judgment rendered, which was
subsequently reversed by the Court of Appeals, and the case sent
back for a new trial. Meantime the defendants became bankrupts,
and the defendant Clark was duly appointed their trustee in bank-
ruptcy.

The situation being presented to the bankruptcy court, on the 27th
of April, 1901, that court ordered that the plaintiff should be per-
mitted and authorized to proceed in the courts of the state of New
York to liquidate his claim against the bankrupts, and that he make
James H. Clark, the trustee in bankruptcy of the defendants, a party
defendant therein, and enjoined the prosecution of the action in the
state court until the trustee should be made a party. Thereupon
the plaintiff applied to the state court at Special Term for an order
making the trustee a party, and an order to that effect was made at
the Broome Special Term, on the 2d day of July, 1901. The defend-
ants appealed from that order to this court, where the order was
modified by inserting therein a direction that a supplemental sum-
mons and complaint issue and be served on the defendants, and as so

modified the order was affirmed. Subsequently, on motion of the defendants, the order originally entered on such affirmance and modification was further modified by directing that the supplemental complaint contain an allegation setting forth the bankruptcy of the said defendants McKinnon and Burrows, and the appointment and qualification of said Clark as trustee, and other proper and necessary allegations.

A supplemental complaint was served, and the defendants moved to be allowed to serve a supplemental answer, alleging their discharge in bankruptcy obtained since the action was commenced. That motion was denied by the Special Term, by an order entered on the 30th day of November, 1901, and on appeal that order was affirmed by this court. Latimer v. McKinnon, 72 App. Div. 290, 76 N. Y. Supp. 40. This court there held that the refusal to allow the service of a supplemental answer setting up the discharge of the defendants in bankruptcy as a defense, in view of the peculiar equities in favor of the plaintiff, arising from the agreement to pay whatever judgment he might obtain, was proper, especially in view of the fact that other defenses were contained in the defendants' answer by reason of which the bankruptcy court treated the claim as unliquidated, and directed that the action be continued in the state courts so that it might be determined how much the trustee in bankruptcy should allow upon the claim in distribution of assets.

The supplemental complaint served by the plaintiff alleged, in substance, that the defendants McKinnon and Burrows filed, on the 10th of January, 1901, a petition in bankruptcy, and were thereupon adjudged bankrupts, and that thereafter the defendant Clark was appointed trustee in bankruptcy of such defendants, and qualified and entered upon the discharge of his duty as such, and closed with a prayer for judgment for the amount claimed in the original complaint.

The demurrer served states that the defendant Clark as trustee "demurs to the complaint and supplemental complaint herein upon the ground that neither they nor either of them contain facts sufficient to constitute a cause of action against him, the said Clark, as trustee." It is from an order overruling this demurrer, and interlocutory judgment entered thereon, that the defendant Clark appeals.

If, under the peculiar circumstances under which Clark was brought into the action, the plaintiff is required to state in his supplemental complaint a cause of action against Clark as trustee, then the demurrer was well taken. If, however, the plaintiff is only required by his original and supplemental pleading to state a good cause of action against McKinnon and Burrows, with appropriate allegations as to why Clark as trustee is made a defendant, without stating a cause of action against him, then the demurrer was properly overruled, and the judgment entered thereon should be affirmed.

The theory upon which the bankruptcy court directed that the trustee appointed by it should be made a party to the action in the state court was manifestly because it desired that its officer should know of the various steps taken in the action so that he might guard

against an excessive or collusive judgment. By section 544 of the Code of Civil Procedure supplemental pleadings may be "either in addition to or in place of" the former pleading. The order of this court directing the supplemental complaint stated that it should contain an allegation setting forth the bankruptcy of said defendants, and the appointment and qualification of the trustee, and other proper and necessary allegations. The only thing specifically pointed out was the bankruptcy and the appointment of the trustee. The leave, therefore, granted by this court was to serve a supplemental pleading in addition to the former pleading, and not one in place of the former pleading.

In Hayward v. Hood, 44 Hun, 128, a demurrer was interposed to a supplemental complaint. The court had given leave to the plaintiff to file a supplemental complaint, and one was filed alleging certain additional facts to those which were contained in the original complaint. In considering the demurrer the court said:

"It is undoubtedly true that the supplemental complaint did not set up a cause of action as against the defendants. It was not intended so to do. It was the mere allegation of additional facts to those which had been alleged in the original complaint for the purpose of supplementing that complaint. The supplemental complaint did not pretend to set up an independent or different cause of action from that contained in the original complaint, and it was to be read as part and parcel of the complaint, and if the two contained a cause of action which was not demurrable an answer upon the part of the defendants was required."

In Pierson v. Cronk, 13 N. Y. St. Rep. 556, Van Brunt, P. J., says:

"The office of a supplemental complaint is to bring before the court material facts which have occurred since the service of the original pleading, and only such should be contained therein."

But it is said that the original complaint and the supplemental complaint do not state a cause of action as against the trustee. This was not necessary. The title to the defendants' property passed to him. He stands in the same position as the defendants with respect to the litigation, and can raise no issue that they could not raise, and in addition is bound by the issues tendered by them in their original answer.

In American Life Ins. & Trust Co. v. Sackett, 1 Barb. Ch. 585, the action was to foreclose a mortgage against Bayard Bros. The Bayards. put in an answer, and before the case was tried they became bankrupts, and an assignee in bankruptcy was appointed. A supplemental bill was filed alleging this fact. Speaking of the situation of the assignee in regard to the action, the chancellor says:

"And as the assignee in bankruptcy, who is brought before the court by the supplemental bill, stands in the place of the Bayards, and represents the same right and interest which was in litigation in the original suit, he is in the same situation as an heir at law or a devisee would have been if the suit had abated by the death of the original defendants. But in such cases the only matter proper. to be put in issue upon the supplemental bill, unless some new matter of defense has arisen since the joining of issue in the original cause (which was allowed to be pleaded), is the supplemental matter, which is stated in the new bill, to show the transmission of interest from the original party to the new party who is brought before the court by the supplemental bill."

It is true that an action to foreclose a mortgage differs from an action on contract with respect to the rights of a trustee in bankruptcy. But the bankruptcy court ordered that the trustee be made a party, and stayed the prosecution of the action in the state courts until he should be made a party.

He was not made a party because there was any cause of action against him, but merely that he might see that the litigation against the parties whom he represented was properly conducted. He could not change the admissions of the original defendants in their answer, nor could he admit away by his own answer any defense which they might have.

In Forbes v. Waller, 25 N. Y. 430, the action was in aid of an execution, and a receiver of the defendants had been appointed, who was made a party by order. The court says:

"The receiver could not, by his answer to the supplemental complaint, change the issue already formed in the action, or withdraw or nullify admissions already made upon the record. His allegation of ignorance of a fact already admitted by the record did not put that fact in issue, as a like averment in the original answer would have done. The only thing that could properly be put in issue by the answer to the supplemental complaint was the matter showing the transmission of interest from the original party. The new party was bound by the acts and admissions of the original parties to whose rights he had succeeded."

Here, again, the cause of action was not like one on contract. But it seems to us that, considering the relations of the trustee with the litigation, and the reasons for his being brought into the action, and the position in which he stands, it was not necessary that a good cause of action be alleged against him, and that he could not demur because none was alleged.

The fact that the prayer to the supplemental complaint demands the same judgment as the original complaint does not change the situation. The plaintiff cannot take judgment on the supplemental complaint alone. There is an answer in the case, and the provision of section 1207 of the Code of Civil Procedure, that no judgment shall be taken more favorable to the plaintiff than that demanded in the complaint, applies only when there is no answer served. The same section provides that where there is an answer the court may permit the plaintiff to take any judgment consistent with the case made by the complaint and embraced within the issue. If there shall ever come a time when judgment is obtained in this case, the trial court will see that no improper judgment against the trustee is entered. The averments of the original and supplemental complaints clearly show that he is sued in his representative capacity, and not as an individual, which is sufficient. Scrantom v. The Farmers' & Mechanics' Bank of Rochester, 33 Barb. 527.

Our conclusion is that the order and judgment of the Special Term overruling the demurrer should be affirmed, with costs. All concur.