(85 App. Div. 275.)

### LATIMER v. McKINNON et al.

(Supreme Court, Appellate Division, Third Department.   June 30, 1903.)

1. BANKRUPTCY—LIQUIDATION OF CLAIM—ACTION IN STATE COURT—CONTIN-
UANCE—PLEA OF DISCHARGE—PROPRIETY.

> After plaintiff's judgment in a suit on an unliquidated claim had been
> reversed by the Court of Appeals, defendant filed a petition in bank-
> ruptcy, and plaintiff procured an order from the bankruptcy court per-
> mitting him to proceed in the state court to liquidate his claim, making
> the trustee in bankruptcy a party; Bankruptcy Act 1898, § 63b, Act July
> 1, 1898, 30 Stat. 562, c. 541 [U. S. Comp. St. 1901, p. 3447], providing that
> unliquidated claims may, pursuant to application to the court, be liqui-
> dated in such manner as it shall direct, and thereafter proved and al-
> lowed. *Held*, that defendant's plea in his answer of a discharge in bank-
> ruptcy was properly stricken out.

Appeal from Special Term, Chenango County.

Action by Oliver C. Latimer against Frank H. McKinnon and
Walter R. Burrows and another.   From an order striking out a sub-
division of a supplemental answer, defendants McKinnon and Burrows
appeal.   Affirmed.

The appeal was from an order striking out the second subdivision
of the supplemental answer of such defendants.   The subdivision
stricken out was one alleging as a defense the discharge of the de-
fendant in bankruptcy by an order of the United States District Court
made on the 11th day of June, 1901, which discharge included the
claim sued upon.

Argued before PARKER, P. J., and SMITH, CHASE, CHEST-
ER, and HOUGHTON, JJ.

James R. Baumes, for appellants.
W. B. Matterson, for respondent.

CHESTER, J.   The facts concerning this somewhat unusual liti-
gation are quite fully stated in an opinion of Mr. Justice Houghton
handed down at this term of court, with a decision affirming a judg-
ment overruling a demurrer by the defendant Clark, as trustee, to
the complaint and supplemental complaint in this action, and need not
be here repeated.

After the court had affirmed an order denying the motion of these
appellants for leave to serve a supplemental answer alleging their
discharge in bankruptcy (see 72 App. Div. 290, 76 N. Y. Supp. 40),
they served a supplemental answer containing a provision alleging
such discharge.   From an order striking out such provision this ap-
peal is taken.

The claim sued upon was an unliquidated claim.   After the plain-
tiff had procured judgment upon it, his judgment was reversed by the
Court of Appeals and a new trial granted.   Thereafter the defendants
filed a petition in bankruptcy.

The bankruptcy act of 1898 provides, in section 63b, Act July 1,
1898, 30 Stat. 562, 563, c. 541 [U. S. Comp. St. 1901, p. 3447], that
"unliquidated claims against the bankrupt may, pursuant to applica-
tion to the court, be liquidated in such manner as it shall direct,

and may thereafter be proved and allowed against his estate." Upon an application to the bankruptcy court under that section by the plaintiff, an order was made permitting him to proceed in the state court to liquidate his claim against the estate of the bankrupts, and directing that Clark, the trustee in bankruptcy of the estate of the defendants, be brought in as a party defendant in the action. The plaintiff's action is therefore continued for the purpose only of "liquidating" or ascertaining the amount of his claim against the defendants. This being the situation, all that there is to try in the action is what amount, if anything, did the defendants owe to the plaintiff before their discharge. in bankruptcy upon the claim sued upon, and the only purpose of determining this is that it may be ascertained how much the trustee in bankruptcy may lawfully allow to the plaintiff in the distribution of the assets of the bankrupts. The fact of bankruptcy is entirely immaterial in determining these questions, and the order striking out of the supplemental answer the allegation of defendants' discharge in bankruptcy was proper, and should be affirmed, with $10 costs and disbursements. All concur.