CASASSA v. SAVARESE et al.

(Supreme Court, Appellate Division, Second Department.    February 23, 1912.)

1. PLEADING (§ 274*)—SUPPLEMENTAL PLEADING.
    The purpose of a supplemental pleading is to set up facts occurring since the commencement of the action, or of which the pleader did not know at that time.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 832; Dec. Dig. § 274.*]

2. PLEADING (§ 283*)—SUPPLEMENTAL COMPLAINT—ANSWER.
    If an order permitting the issuance of a supplemental complaint and summons did not expressly provide that such complaint should take the place of the former pleading, the issues made by the former pleading were not affected by the supplemental complaint; and hence defendant was not in default in failing to answer the supplemental complaint, in so far as it repeated the allegations of the original complaint.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 848, 849; Dec. Dig. § 283.*]

Appeal from Special Term, Kings County.

Action by Domenico Casassa against Ferdinando Savarese and others. From an order denying a motion to set aside a judgment, defendant Carmela Savarese appeals. Reversed, and motion granted.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Charles S. Mackenzie, for appellant.
Joseph Nicchia, for respondent.

CARR, J.    This action was brought originally against Vincenzo Savarese, Ferdinando Savarese, and Raphael Savarese, as copartners doing business under the name of V. Savarese & Bros., to recover the sum of $538.56, on the allegation in the complaint that the plaintiff had sold and delivered to the defendants a certain quantity of California wine at an agreed price, which the defendants had neglected and refused to pay. The defendants answered, joining issue on the allegations of the complaint in October, 1899. Nothing further was done in the action until February, 1911, when the plaintiff, without notice to the defendants who had appeared in the action, applied ex parte at Special Term in Kings county and obtained an order reviving the action against Carmela Savarese, as administratrix of Vincenzo Savarese, who had died in the meantime, which order contained a provision for the issuance of a supplemental summons and complaint. A supplemental summons and complaint was issued against the defendant Carmela Savarese, as administratrix, and this pleading set up again the contract of sale set forth in the original complaint. Carmela Savarese, as administratrix, neither answered the supplemental complaint nor appeared in the action. Thereupon judgment was taken against her, on the ground that she was in default because of the failure to serve an answer to the supplemental complaint. She has moved to set aside the judgment so entered as being irregular, in that, as she claims, she was not obliged to put in issue the allegations of the supplemental

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

complaint in regard to the sale of wines to her husband; such matter having been put in issue by the answer to the original complaint. Her motion to set aside this judgment as irregular was denied, and from the order so denying it she now appeals to this court.

[1] It is provided by section 760 of the Code of Civil Procedure that, where an action is revived as against the personal representatives of one of the parties to the original action, on the application of the plaintiff "the court may direct that a supplemental summons issue, and that supplemental pleadings be made." The subject of supplemental pleadings is regulated generally by section 544 of the Code of Civil Procedure, from which it appears that a supplemental pleading is one which alleges material facts which occurred after the former pleading, or of which the pleader was ignorant when the former pleading was made. It is likewise provided in this section that leave may be granted to make a supplemental pleading, either in addition to or in place of a former pleading. It was observed in Horowitz v. Goodman, 112 App. Div. 13, 98 N. Y. Supp. 53, that the meaning of the provision in section 544 of the Code that a supplemental pleading may take the place of a former pleading is not quite clear. It is the general rule, however, that the purpose of a supplemental pleading is to set up facts occurring since the beginning of the original action, or facts which had theretofore occurred, but which were unknown to the pleader.. Horowitz v. Goodman, ut supra; Hayward v. Hood, 44 Hun, 128; Pierson v. Cronk, 13 N. Y. St. Rep. 556; Latimer v. McKinnon, 85 App. Div. 224, 83 N. Y. Supp. 224.

[2] The order which revived the action and permitted the issuance of a supplemental summons and complaint herein did not provide, in express terms, that the supplemental complaint should take the place of the former pleading in the action. Under these circumstances, we think the issues made by the former pleading still continue. Such being the case, the defendant Carmela Savarese, as administratrix, was not in default because she failed to answer the supplemental complaint, in so far as it repeated the allegations of the original complaint which had been already put in issue. After the service of the supplemental complaint, the pleadings in the case consisted of the original complaint, the answer thereto, and the supplemental complaint. As to the matters properly set forth in the supplemental complaint she was in default; but this default did not reach to and embrace the issues raised by the original pleading. It was error, therefore, to enter judgment against her merely because she failed to answer the supplemental complaint.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate the judgment entered against her as irregular should be granted, with $10 costs. All concur.