BAUM v. STOCKELL et al.   (No. 7496.)

(Supreme Court, Appellate Division, First Department.  June 18, 1915.)

1. PARTIES ⬅54—BRINGING IN NEW PARTIES—SUPPLEMENTAL SUMMONS.
    Where it is desired to add as a defendant a person not originally named in the summons, the proper practice, under Code Civ. Proc. § 453, is to move for leave to file a supplemental summons.
    [Ed. Note.—For other cases, see Parties, Cent. Dig. § 85; Dec. Dig. ⬅54.]

2. PLEADING ⬅279—AMENDMENT—SUPPLEMENTAL COMPLAINT.
    Where matters had occurred since the filing of the suit, or matters unknown to plaintiff had come to his knowledge, they should, under Code Civ. Proc. § 544, be set up by supplemental complaint.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 836–841; Dec. Dig. ⬅279.]

3. PLEADING ⬅279—SUPPLEMENTAL COMPLAINT—SUFFICIENCY.
    On motion for leave to serve a supplemental complaint, neither the sufficiency of the pleading, the relevancy of the allegations, nor a defect of parties, is to be considered.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 836–841; Dec. Dig. ⬅279.]

4. MOTIONS ⬅64—RENEWAL—LEAVE TO RENEW.
    Plaintiff assumed to serve a supplemental summons and complaint without obtaining leave of the court, and the complaint was stricken out, whereupon plaintiff moved for an amendment of the summons nunc pro tunc to conform to the amended complaint as served. Held, that a denial of that motion, with leave to renew, would not prevent plaintiff from subsequently moving for leave to serve a supplemental summons and complaint.
    [Ed. Note.—For other cases, see Motions, Cent. Dig. §§ 88, 90; Dec. Dig. ⬅64.]

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Special Term, New York County.

Action by Frank W. Baum, individually and as a committee of the person and estate of Annie E. Curtis, and on behalf of all other stockholders of the Publishers' Plate Company, against Victor H. Stockell, as assignee for the benefit of creditors of the Publishers' Plate Company, Louis B. Hasbrouck, and others. From an order denying a motion for leave to serve a supplemental summons and complaint, plaintiff appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Isidor Unger, of New York City (James B. McGarvey, of New York City, on the brief), for appellant.

Henry J. Wehle, of New York City (John H. Judge, of New York City, on the brief), for respondent Hasbrouck.

Lawrence S. Coit, of New York City, for respondent Quinn.

Reginald H. Schenck, of New York City (Charles S. Daley, of New York City, on the brief), for respondent Stockell.

LAUGHLIN, J. This is an action by a stockholder, in behalf of himself and all other stockholders of the Publishers' Plate Company, in the right of the company primarily to compel the defendants Hasbrouck, Carley, and Quinn to account to the company, by accounting to the defendant Stockell as assignee for the benefit of its creditors, for alleged mismanagement and waste by them as its directors and officers.

[1] The original complaint shows that 974 shares of a total issue of 1,000 shares of the capital stock of said company were owned by Benjamin F. Curtis, who died on the 28th day of October, 1908, leaving a last will and testament, naming the defendant Hasbrouck as executor; that Hasbrouck qualified, and is still acting as such executor; that from the 31st day of October, 1908, only three days after the death of said Curtis, and until the assignment of the corporation for the benefit of creditors, Hasbrouck, Carley, and Quinn were its sole directors and officers, and had entire charge and control of its business. The original complaint also set forth various acts alleged to have been performed by the defendants Hasbrouck, Carley, and Quinn, pursuant to an agreement constituting a conspiracy to dissipate the assets of the corporation and to appropriate its funds to their own use, benefit, and advantage, and charged that an action was brought by Hasbrouck as executor against the corporation on a claim for $6,000, which, however, it was alleged Hasbrouck as executor "has now abandoned." Hasbrouck as executor was not joined as a party defendant. The motion made was for leave to bring him in as executor by a supplemental summons. That is the remedy prescribed by section 453 of the Code of Civil Procedure for adding a party defendant not originally named in the summons, and counsel for respondents are in error in contending that the application should have been for leave to amend the summons.

[2, 3] Plaintiff also asked leave to serve a supplemental complaint, alleging various steps taken by Hasbrouck as executor in said action,

taken since the commencement of this action and before the commencement thereof, but unknown to plaintiff at the time, toward prosecuting and bringing the action to trial. Those allegations afford the proper basis for a supplemental complaint under section 544 of the Code of Civil Procedure; and the further allegations of collusion between Hasbrouck as executor and the assignee, by which it is intended to permit a recovery without regard to the merits of the claim, and the prayer for an injunction enjoining the prosecution of the action by Hasbrouck as executor, render it proper that the supplemental summons be issued, and that the service of a supplemental complaint be authorized. The appellant's practice is in all respects in accordance with that prescribed by the Code of Civil Procedure and the motion should have been granted. Herbert v. De Murias, 115 App. Div. 453, 101 N. Y. Supp. 381; Sand v. Borman, 134 App. Div. 651, 119 N. Y. Supp. 454; Code Civ. Proc. §§ 544, 453. There is no merit to any of the points made by respondents. On such a motion neither the sufficiency of the pleading, nor the relevancy of all the allegations, nor a defect of parties plaintiff or defendant, is to be considered. Brewster v. Brewster, 138 App. Div. 139, 122 N. Y. Supp. 1019.

[4] It is quite clear that this relief is not barred by a former order. The plaintiff assumed to serve an amended summons and complaint adding Hasbrouck as executor without obtaining leave of the court, and that complaint was stricken out on motion of the assignee. When the assignee made that motion the plaintiff moved for an amendment of the summons nunc pro tunc to conform to the amended complaint as served. That motion was denied, with leave to renew. The leave thus granted, if construed literally, was not proper practice, and, construed strictly, the order in no manner affects the motion for leave to bring in Hasbrouck by a supplemental summons and to serve a supplemental complaint. The order, however, was intended to authorize a proper motion for the relief desired, and this motion was made within the time limited as extended.

It follows that the order should be reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.