THE GUARANTY TRUST COMPANY OF NEW YORK, Respondent, *v.* FRITZ LEOPOLD SCHMIDT, JR., Appellant.

First Department, May 2, 1919.

Pleading — motion to amend pleading — practice — partition — order for distribution — failure to give notice — action by depositary of partition fund to recover alleged overpayment — amended answer alleging invalidity of order of distribution because of lack of notice.

On a motion to serve an amended pleading, a denial of which might finally determine the rights of the parties, the court does not consider whether the pleader ought to be estopped from alleging certain facts or whether or not the plea is meritorious. Neither does the court determine the sufficiency of the plea as upon demurrer. But it does consider whether or not the pleading is frivolous.

The court has no jurisdiction to make an order determining a defendant's interest in the proceeds of a partition action, without notice to said defendant, and an order so made is void.

Where, in an action by a trust company, with which a partition fund had been deposited, to recover from the defendant an alleged overpayment, the plaintiff relies upon the validity of the order of distribution, the defendant should be permitted to amend his answer so as to allege that said order was void as to him, because made without notice.

APPEAL by the defendant, Fritz Leopold Schmidt, Jr., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of February, 1919, denying his motion for leave to serve an amended answer.

*Bertha Rembaugh* of counsel [*Rembaugh & Towle*, attorneys], for the appellant.

*R. L. von Bernuth* of counsel [*Stetson, Jennings & Russell,* attorneys], for the respondent.

SHEARN, J.:

This action is brought to recover from the defendant the sum of $2,196.23 which the plaintiff claims to have overpaid by mistake to the defendant out of a partition fund deposited with the plaintiff under an order of the Supreme Court. The complaint alleges that on September 17, 1912, plaintiff had in its possession as the balance of a fund the sum of $4,392.47, which was the amount of the shares of one Linda Leggett and the defendant, on which day, erroneously believing that the whole of said sum was the defendant's share, it paid to the defendant $1,442.47, and on October 29, 1912, the further sum of $2,000, and paid with the consent of the defendant to two attorneys of the defendant the sum of $950; and that on June 9, 1913, plaintiff paid to said Linda Leggett the sum of $2,196.23 on account of her share of the fund, by reason whereof the defendant has received $2,196.23 over and above the amount to which he was entitled as his share in the fund. Plaintiff accordingly bases its right to recover said sum upon the adjudication made in the order of distribution entered October 25, 1910, that Linda Leggett, the defendant and four others were each entitled to one-sixth interest in the fund in plaintiff's hands. Plaintiff, therefore, asserts and relies upon the validity of the order of distribution. The learned Special Term has denied a motion of the defendant to serve an amended answer attacking the validity of the order of distribution, in which proposed amended answer the defendant alleges that as to him the order was void, in that the court had no jurisdiction to make an order as against him determining his share in said fund for the reason that the defendant was not served with the order to show cause bringing on the motion on which the order of distribution was made. The learned Special Term denied the motion on two grounds: (1) That the proposed amended answer clearly failed to set forth any defense, because in it the defendant sought to attack collaterally an outstanding order of the Supreme Court; and (2) the defendant has received payments pursuant to the order and is, therefore, estopped from interposing any such defense. Since the decision in *Muller* v. *City of Philadelphia* (113 App. Div. 92) the rule with respect to permitting the service of amended pleadings has been, as therein laid

down: " As a general proposition a party to an action ought to be permitted to put his pleadings in such shape as will enable him to raise and have determined at the trial every question affecting his interest involved in the subject-matter of the litigation." Accordingly, on such motions, a denial of which might finally determine the rights of the parties as irrevocably as would be the case on a trial or on a motion for judgment, the court does not consider such questions as whether or not, in weighing all the facts, the pleader ought to be estopped from alleging certain facts (a matter ordinarily to be asserted in a counter pleading), or whether or not the plea is meritorious. Neither does the court determine the sufficiency of the plea as upon demurrer. The court, however, does consider whether or not the pleading is frivolous. The motion should not have been denied, therefore, on the ground of estoppel, but was properly denied if the defense is frivolous. Without passing upon the sufficiency of the defense, we are of the opinion that it is not frivolous. It seems clear that the court could have no jurisdiction to make an adjudication determining the defendant's interest in a fund without notice to him, and that, as to him, the order would be void. Therefore, if the plaintiff's right to recover is based upon the validity of the order of distribution, an answer alleging that the order was made without notice to the defendant cannot be regarded as frivolous.

The order should be reversed and the motion granted, but, under the circumstances, upon condition that the defendant pay all taxable costs to date and ten dollars costs of the motion and serve the amended answer within ten days on stipulation that the date of issue shall not be affected thereby or by the service of a reply thereto.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Order reversed and motion granted on conditions stated in opinion.