Rogers Peet Company, Respondent, *v.* Sidney Hillman, Individually and as President of Amalgamated Clothing Workers of America, and Others, Appellants, Impleaded with David Wolf, as Treasurer of the Amalgamated Clothing Workers of America, and Others, Defendants.

First Department, March 24, 1922 .

**Pleadings — answer — amendment — defendant should be allowed to serve amended answers not frivolous nor drawn in violation of court's order sustaining demurrer to previous answer leaving it to plaintiff to thereafter question its sufficiency.**

Where a demurrer by plaintiff to an affirmative defense and a counterclaim in an answer is sustained, and an amended answer, purporting to meet the objections pointed out by the court, is prepared, which answer does not appear to be frivolous or to have been drawn with intent to violate the court's ruling on the demurrer to the previous defense and counterclaim, the defendant should be allowed to serve his amended answer, leaving it to the plaintiff to raise the question·of the sufficiency of such defense and counterclaim in such way as it may see fit.

Appeal by the defendants, Sidney Hillman and others, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of December, 1921, as denies defendants' motion for leave to open their default in serving an amended answer, and to vacate and set aside a judgment dismissing their counterclaim and for leave to serve an amended answer.

*Lowenthal & Szold* [*Robert Szold* of counsel], for the appellants.

*Clark, Prentice & Roulstone* [*Ezra P. Prentice* of counsel; *Colin McLennan* with him on the brief], for the respondent.

Greenbaum, J.:

The action was commenced on September 5, 1919. When it was about to be reached for trial in the fall of 1920, plaintiff moved to further amend its amended complaint. The motion was granted. The second amended complaint charged the defendants with conspiracy to monopolize and control the clothing trade, and that, in furtherance of such conspiracy, they called a strike against the plaintiff, although there were no grievances against it as to wages, hours or shop conditions.

Amended answers to the amended complaint were served by the several defendants, in which, among other defenses, it was alleged as a first affirmative defense that the plaintiff had an adequate remedy at law, and as a second affirmative defense that plaintiff be denied relief because it was engaged in an unlawful conspiracy to destroy the defendant union. In one of the answers

a counterclaim was also set up, based upon the alleged conspiracy into which the plaintiff had entered to destroy the defendant union.

In May, 1921, plaintiff demurred to the affirmative defenses and counterclaims. In June, 1921, the Special Term overruled the demurrer to the first affirmative defense, but sustained the demurrer to the second affirmative defense and to the counterclaim, on the ground that there was not shown to have been any connection between plaintiff's cause of action and plaintiff's conspiracy to injure the defendants.

New amended answers were thereafter interposed by the defendants, purporting to modify the insufficient defense by adding allegations which the defendants contend show the connection between plaintiff's cause of action and its alleged conspiracy to injure the defendants, and by purporting to amend the counterclaim by adding a prayer for damages and for injunctive relief.

Immediately after service of the amended answers, they were returned to the defendants' counsel on the ground that the amendments embodied in the answer had not been authorized by the court, and plaintiff thereafter moved for judgment dismissing the counterclaim. The defendants made a cross-motion to compel plaintiff to accept the amended answer as served. The Special Term entered an order dismissing the counterclaim and denying the motion to compel the acceptance of the answer. Subsequently defendants moved for an order relieving them of their default, if any, and vacating the judgment entered on the counterclaim, and granting them leave to again serve the answer, which had been previously rejected by the plaintiff. The motion was denied in all respects, but, upon a reargument which was allowed, the court modified its previous order by providing that the motion with respect to certain amendments as to denials be granted, and authorizing service of a consolidated answer as so amended, within five days, provided, however, that the amendment should not affect the place of the cause on the calendar. The order, however, denied defendants' motion asking leave to serve the answer containing the amended defenses and counterclaim applicable to the alleged conspiracy of the plaintiff.

The Special Term, in effect, held that the new matter sought to be pleaded in the second affirmative defense and counterclaim did not essentially change the defenses and counterclaim which had been held bad on the demurrer. In *Guaranty Trust Company* v. *Schmidt* (187 App. Div. 561) this court, on an appeal from an order denying leave to serve an amended pleading, said: " On such motions, a denial of which might finally determine the rights of the parties as irrevocably as would be the case on a trial or on a

motion for judgment, the court does not consider such questions as * * * whether or not the plea is meritorious. Neither does the court determine the sufficiency of the plea as upon demurrer. The court, however, does consider whether or not the pleading is frivolous."

Inasmuch as it does not appear that the proposed amended answer is frivolous or that it was contumaciously prepared in violation of the court's ruling on the demurrer to the previous defenses and counterclaim, we think, without expressing any opinion as to the sufficiency of the second affirmative defense or of the counterclaim, that the proper practice would be to grant leave to the defendants to interpose their amended answer, leaving it to the plaintiff to raise the question of the sufficiency of the defense and counterclaim under discussion, as it may see fit.

The order, so far as appealed from, is reversed and the motion granted, without costs and disbursements, and without affecting the position of the cause on the calendar.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Order, so far as appealed from, reversed, without costs, and motion granted, without affecting the position of the cause upon the calendar.