JOSEPH W. PONTICELLO, Respondent, *v.* PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

Fourth Department, April 29, 1953.

*Arthur V. D. Chamberlain* and *Paul Muscarella* for respondent.

*Dallas C. Newton* for appellant.

KIMBALL, J. The defendant appeals from a resettled order which granted the plaintiff's motion to serve an amended and supplemental complaint in an action upon a disability insurance policy. The proposed amendment to the complaint sets forth a judgment in a former action on the policy and alleges that certain facts and issues in the present action have been adjudicated in the former action and that the defendant is estopped as to such matters. By a supplemental complaint, the plaintiff seeks to bring the period of disability down to date, the action having been commenced in 1948. The proposed amended and supplemental complaint was part of the moving papers.

Motion for leave to serve an amended pleading or a supplemental pleading is addressed to the discretion of the court. We do not think the Special Term erred in granting the motion.

We see no reason why the complaint should not be amended and why a supplemental complaint should not be permitted. All issues will be presented for determination and a multiplicity of suits avoided. No prejudice to the defendant is apparent. An application for leave to serve an amended complaint and a supplemental complaint may be made in one motion. (Civ. Prac. Act, § 117; *Watson* v. *Consolidated Laundries Corp.,* 235 App. Div. 234; *Markowitz* v. *Markowitz,* 119 Misc. 609.)

On such motion, the court will not, ordinarily, determine the merits of the amended or supplemental pleading. (3 Carmody on New York Practice, § 1135; *Partridge* v. *Fidelity & Cas. Co.,* 213 App. Div. 8; *Guaranty Trust Co.* v. *Schmidt,* 187 App. Div. 561; *Coron* v. *Lincks,* 259 App. Div. 924; *Warren* v. *Putnam,* 263 App. Div. 474; *Baum* v. *Stockell,* 168 App. Div. 286.)

Since an amended complaint supersedes the original, whereas a supplemental complaint merely adds something to the original, the question arises as to whether an amended complaint and a supplemental complaint may be combined in one pleading. The order, here appealed from, permits the service of both an amended complaint and a supplemental complaint. Where, as here, a plaintiff is entitled to serve both an amended complaint and a supplemental complaint, we think the two may be combined in one pleading and that the new complaint supersedes the former one, and the order should so provide to conform with section 245 of the Civil Practice Act in relation to a supplemental pleading. (See *Cassassa* v. *Savarese,* 149 App. Div. 243, and *Mauzer* v. *Lamar Auto Co.,* 241 App. Div. 684.)

The order of Special Term entered August 15, 1952, insofar as appealed from, should be modified by providing that the

amended and supplemental complaint shall be deemed to supersede the former complaint and further modified to allow the defendant to answer the same within twenty days or otherwise move against the complaint, if so advised, and as modified affirmed, with $10 costs and disbursements to the respondent. The appeal from the original order entered July 18, 1952, should be dismissed as academic.

All concur: Present — TAYLOR, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Appeal from order entered July 18, 1952, dismissed as academic. Order entered August 15, 1952, insofar as appealed from, modified by providing that the amended and supplemental complaint shall be deemed to supersede the former complaint and further modified to allow the defendant to serve an answer to the complaint within twenty days after service of a copy of the order herein, or to otherwise move against the complaint, if so advised, and as modified affirmed, with $10 costs and disbursements to the respondent.