Samuel Eabih, J.
Motion by plaintiff for leave to serve a supplemental complaint in addition to the original complaint.
Ordinarily on such a motion the court does not examine the merits of the proposed pleading. (Ponticello v. Prudential Ins. Co., 281 App. Div. 549.) Where, however, the proposed pleading completely lacks merit and can only cause delay and confusion leave should he denied. (Stanford v. Cayuga Linen & *736 Cotten Mills, 255 App. Div. 928.) Plaintiff brought this action to recover damages for having been evicted from an apartment which the landlord claimed he needed for his son, but which was not thereafter occupied by the landlord’s son.
Plaintiff apparently removed from the premises on August 6, 1956. He commenced this action pursuant to section 1444-a of the Civil Practice Act on or about June 4, 1957.
Plaintiff now seeks to allege that the same eviction violates subdivision 6 of section 5 of the State Residential Rent Law (L. 1946, ch. 274, as amd. by L. 1957, ch. 755), which provides for treble damages. Said statute became effective June 30, 1957 after plaintiff’s cause of action arose and after he had commenced this action.
Section 1444-a of the Civil Practice Act was construed as having- created a new statutory right of action which was not retroactive. (David v. Fayman, 273 App. Div. 408, affd. 298 N. Y. 669.) A similar construction must be accorded to subdivision 6 of section 5 of the State Residential Rent Law.
It follows that the facts alleged gave rise to one cause of action pursuant to section 1444-a of the Civil Practice Act which was in effect at the time the events took place, and not pursuant to subdivision 6 of section 5 of the State Residential Rent Law which had not been enacted at the time plaintiff’s cause of action arose.
The motion for leave to serve a supplemental complaint is denied. Submit order.