# NEW YORK SUPERIOR COURT.

## McDonald agt. Frazier and others.

### *Demurrer to complaint for defect of parties defendant.*

The testator, G., was seized of real and personal estate, and, by his will, gave, in trust, the income thereof to his daughter, wife of F. (F. being made trustee), during her life, and, at her death, to apply the net rents and income to the education and support of her children until they should arrive at the age of twenty-one years, when the same should be given and equally divided among all her children.

The complaint of the plaintiff charged that the defendants named therein combined together to change the title to said real estate, and by certain proceedings taken by them, under color of law and otherwise, fraudulently and against the express letter and spirit of said will, and without any power, did make and convey the said real estate in fee to the wife of F., who claims thereby to be seized of the same by record title and in possession. Plaintiff alleged that, being ignorant of these fraudulent proceedings, and believing the defendants to be the owners of said real estate, entered into a contract with them for the improvement thereof, and claimed, for work, labor and materials, the sum of $12,028, which defendants refused to pay, prayed for an injunction and receiver, and for an accounting, &c.

*Held*, that the complaint was demurrable for want of proper parties; that the infant children of Mrs. F. and devisees under the will should be made parties defendant, in order to a complete determination of the controversy.

*Special Term, August, 1875.*

Two demurrers were interposed for account of parties. The complaint is in equity and sets up that John Gordon, being seized of certain real and personal estate, by his will, gave in trust the income thereof to his daughter, the defendant, Mary Frazier, the wife of Fitzgerald Frazier, the trustee, during her life, and, at her death, to apply the net rents and income

McDonald agt. Frazier.

to the education and support of her children until they should arrive at the age of twenty-one years, when the same should be given and equally divided among all her children. It then charges that all the defendants named in the complaint combined together to change the title to said real estate, and by certain proceedings taken by them, under color of law and otherwise, fraudulently and against the express letter and spirit of said will and without any power, did make and convey the said real estate in fee to the said Mary Frazier, who claims to be seized of the same by record title and is in possession. That afterward the plaintiff, without any knowledge of the aforesaid proceeding of the defendants, believing the title to be in them, entered into a contract with the defendants Fitzgerald Frazier and wife, to improve the said real estate, and did so improve the same with the assent and concurrence of the other defendants, by the erection of a building thereon, and that there is justly due to the plaintiff, for work, labor and material, the sum of $12,028, which the defendants refused to pay after demand made. That at the time of the decease of the said Gordon, the real estate was worth $35,000, and that the same is worth since the improvement the sum of $110,000, and that other persons or corporations have other claims against the premises for work and materials furnished and done upon the said building, and are entitled to come in as joint plaintiffs, and avail themselves of the benefits of any judgment which may be rendered in the action. An injunction is asked for restraining the defendants from conveying or mortgaging the premises and collecting the rents, and that a receiver be appointed, and that the defendants account with the plaintiff and other claimants, and that the interest of all the defendants be charged with the payment of the claims, and that the real estate be sold under direction of this court, and that the shares of the defendants be appropriated to the payment of the aforesaid claims, concluding with a prayer for other and general relief. The demurrers are interposed upon the ground that three

McDonald agt. Frazier.

infants, children of Mary Frazier and devisees under the will, are now living and should be made parties defendant.

SPEIR, J. — It is quite clear, I think, that these infant children of the trustee and his wife should be made parties to this action. By the will of John Gordon, the common source of title, the trustee is expressly authorized after the death of testator's daughter, who takes a life estate, to apply the net rents, issues and profits of both the real and personal estate to the education and support of her children until they arrive at the age of twenty-one years, when the trustee, by the terms of his trust, must convey all the real and personal estate to the said children, share and share alike. These infant children are not charged with the unauthorized and fraudulent acts of the defendants, nor could they be ; and, admitting that their vested estate as remainder in fee could not be touched by the alleged conduct of the parties charged, it cannot be contended that the provision made for their support and education during infancy should be put into the hands of a receiver without being represented. The question is not because they are not liable therefor no claim can be made against them, as contended by plaintiff's counsel. But the question is, their rights and interests being fixed by their benefactor under his testamentary act, can those rights be interfered with, even by a court of equity, without bringing them before the court ? The bare attempt by parties who in fact are the natural guardians, as well as their nearest blood relations, to divest infants of their estate furnishes the best reasons for calling them before a court of equity when an appeal is made to apply a remedy for so great a wrong. It is not possible to know what judgment may be finally made ; whether the property shall be ordered to be sold as prayed for, in order to adjust the several interests of all concerned. Assuming that the plaintiff shall succeed, I think that no complete determination of this controversy can be had unless these children be brought in. The defendants must have judgment on their demurrer.