## ·N. Y. SUPREME COURT.

ELIZABETH M. CONKLING agt. HENRY E DAVIES and JULIEN T. DAVIES.

*Deed of trust'— Action to reform and revoke — Parties.*

In an action to reform and revoke a deed of trust all the beneficiaries named in the deed are necessary parties.

They are entitled to be heard upon the question as to whether the deed should have contained a power of revocation.

*Special Term, May,* 1877.

THIS is an action to reform and revoke a deed of trust made by the plaintiff to the defendants.

The said deed conveyed to the defendants certain property in trust to collect the income and profits of the same and pay the same to the plaintiff during her life, and after her death to pay such income to one Elizabeth T. Conkling, and after her death to divide the principal among certain persons in said deed named. It also conveys certain other property, the income of which, after the death of the plaintiff, is directed by said deed to be paid to certain other parties. None of the parties entitled to share in the estate by the terms of the deed after the death of the plaintiff are made parties to the action. The defendants demur to the complaint upon the ground of defect of parties.

*Horace Barnard,* for plaintiff.

*Ashbel Green,* for defendants.

Conkling agt. Davies.

VAN BRUNT, J. — The plaintiff claims that the beneficiaries named in the deed are not necessary parties because the deed as drawn does not contain a power of revocation which she claims should have been inserted therein pursuant to her directions, and if such power of revocation was in the deed she would clearly have the right to the relief asked for in this action.

I am entirely unable to see why the beneficiaries are not entitled to be heard upon that question. By means of this action it is sought to deprive them of all interest under this deed without giving them an opportunity to be heard upon the question. They are certainly as necessary parties as the trustees under the deed, and any decree which the court might make in this action could not deprive them of the contingent interest which they had under the deed, they not being parties to the action. The demurrer must therefore be sustained, with leave to the plaintiff to amend upon payment of costs.