Eliza J. Lord, Respondent, *v.* Charles W. Lord, Appellant.

*Husband and wife — agreement of separation — covenant as to the wife's support — parties to an action to enforce it.*

When an agreement of separation, made by a husband and wife and a trustee, contains a covenant on the part of the husband to pay a certain annual sum to the trustee for the wife's support, but contains no express covenant to pay any sum to the wife, and the trustee agrees to indemnify the husband for the wife's debts, the wife cannot (at all events without a refusal by the trustee to enforce the covenant and his joinder as a defendant) maintain an action at law against her husband to enforce his covenant to pay money to the trustee; but the trustee, as the trustee of an express trust within section 449 of the Code of Civil Procedure, is entitled to maintain such action.

Appeal by the defendant, Charles W. Lord, from an order of the Supreme Court, made at the New York Special Term and

entered in the office of the clerk of the city and county of New York on the 7th day of March, 1893, overruling the defendant's demurrer to the complaint with costs, and directing the adjustment of costs and the entry of an interlocutory judgment, and from the interlocutory judgment entered accordingly on the 9th day of March, 1893.

*Louis V. Booraem,* for the appellant.

*Wm. Ives Washburn,* for the respondent.

INGRAHAM, J. :

This action is brought to enforce a covenant contained in an instrument made between the parties to this action and one Aziriah Everett as trustee for Eliza J. Lord, by which the parties to this action, who were husband and wife, agreed to live separate and apart from each other, and whereby the defendant agreed to pay to the said Everett " for and towards the better support and maintenance of his said wife (the plaintiff) the sum of $800 per annum for the term of her natural life.

The said agreement also contains the usual covenant on the part of the said trustee to indemnify and hold the defendant harmless of and from all debts of his said wife now contracted or thereafter contracted by her, and the said trustee agrees to repay to the defendant on demand any sum that he may be compelled to pay for such debt or debts.

There is no allegation that the plaintiff has requested the trustee to sue to enforce the said covenant, and the said trustee is not a party to the action.

The contract sought to be enforced in this action contains no covenant on the part of the defendant to make any payment to the plaintiff. The only covenant as to the payment of any money is that the party of the first part (the defendant) will make the payment before stated to Everett.

We think it clear that in the absence of an express covenant to pay any sum of money to the wife, that the wife cannot maintain an action at law to enforce the covenant to pay to a third party as trustee a sum of money which the husband covenants to pay to such trustee. The trustee has an interest in the enforcement

of this covenant, for by the agreement he is to indemnify the husband for any debts of the wife and to repay to the husband any amount that he may be compelled to pay for such debts.

Under such an agreement the person named as trustee becomes a trustee of an express trust within the provisions of section 449 of the Code, and is thus entitled to maintain an action to enforce the covenant.

The case of *Potter* v. *Potter* (8 N. Y. Civ. Pro. Rep. 150) does not apply, for there the covenant was made directly to the wife, and when the action was commenced she had ceased to be the wife of the defendant, a decree of divorce having been granted dissolving the marriage.

We are not called upon, therefore, to express an opinion as to whether that case should be followed. Nor do we wish to be understood as holding that in case the trustee should refuse to bring the action after proper request by plaintiff, that an action could not be maintained by the plaintiff making the trustee a party to enforce the covenant.

This is not a case to enforce a contract made with one person furnishing the consideration whereby the obligor was to pay a sum of money to another, as in *Todd* v. *Webber* (95 N. Y. 188), and cases there cited, for in this case there was not an agreement between defendant and Everett to pay to plaintiff, but an agreement between plaintiff, defendant and Everett that the defendant would pay to Everett as trustee.

We think it clear, therefore, that no cause of action at law exists in favor of the plaintiff against the defendant to enforce this covenant. The judgment should, therefore, be reversed and the demurrer sustained, with costs.

Van Brunt, P. J., and O'Brien, J., concurred.

Judgment reversed and demurrer sustained, with costs.