SPENCE v. WOODS.

(Supreme Court, Appellate Division, Second Department. October 8, 1909.)

1. PLEADING (§ 310*)—COMPLAINT—ANNEXATION OF INSTRUMENT SUED ON—EFFECT.

Any facts recited in the instrument sued on are to be considered as alleged in the complaint, where annexed thereto.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 944; Dec. Dig. § 310.*]

2. HUSBAND AND WIFE (§ 281*)—ACTION ON SEPARATION AGREEMENT—COMPLAINT—SUFFICIENCY.

In an action for payments due under a separation agreement, allegations that when the agreement was assigned to plaintiff there was due

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

from defendant to his wife the amount sought to be recovered and that she had performed all the conditions on her part were sufficient, and performance by the wife and that she had not remarried before the amount became due could be shown thereunder.

[Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 281.*]

3. ASSIGNMENTS (§ 23*)—RIGHTS ASSIGNABLE—SEPARATION CONTRACT.
   A contract right under an agreement of separation is assignable.

[Ed. Note.—For other cases, see Assignments, Dec. Dig. § 23.*]

4. HUSBAND AND WIFE (§ 281*)—ACTION ON SEPARATION AGREEMENT—JOINDER OF TRUSTEE.
   A wife may sue on a separation agreement, without joining the trustee, as she is the real party in interest.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1061; Dec. Dig. § 281.*]

Appeal from Special Term, Kings County.

Action by Harry M. Spence, as assignee of defendant's wife, to recover payments alleged to be due under an agreement of separation, against Francis S. Woods. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, RICH, and MILLER, JJ.

L. B. McKelvey, for appellant.
T. B. Chancellor, for respondent.

RICH, J. The appellant urges that the complaint does not allege a contract valid and enforceable at law or in equity, in that it omits to set out that at the time the agreement was executed the parties were living separate and apart, and that it was not made in contemplation of, and did not serve as one of the moving causes of, the separation. The agreement, which is made a part of the complaint, recites upon its face, not only that the parties are not living together, but that an action was then pending in the Supreme Court of this state for a separation, brought by the wife against the husband, which was to be discontinued upon the execution of the instrument. When an instrument sued upon is annexed to and made part of a complaint, any facts recited in such instrument are to be considered as alleged in the pleading. Slack v. Heath, 4 E. D. Smith, 95, 109, affirmed by the Court of Appeals, June, 1860.

It is further contended that there is no allegation that the plaintiff's assignor has not remarried. It is averred that when the assignment was made there was due, owing, and unpaid, under the provisions of the contract, from the defendant to his wife, the amount sought to be recovered, and that the wife had performed all of the conditions of the agreement on her part. I think that these allegations are sufficient, and that performance on the part of the wife, and that she had not remarried before the amount had become due and payable, may be shown under it.

It is urged that the contract, or any right thereunder, was not assignable. This is an erroneous conclusion. All contract rights are assignable.

It is further contended that there is a defect of parties defendant,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in that the trustee is not made a party. In Potter v. Potter, 8 Civ. Proc. R. 150, it was held, in a similar action, that the wife was the real party in interest, and could maintain the action without joining the trustee. This case is cited approvingly in Effray v. Effray, 110 App. Div. 545, 548, 97 N. Y. Supp. 286. Lord v. Lord, 68 Hun, 537, 22 N. Y. Supp. 1004, is not an authority to the contrary. In that case the trustee had obligated himself to indemnify the husband for the wife's debts, and there was no averment that he had refused to bring the action. In the case at bar there was no such agreement on the part of the trustee, and it is alleged that the trustee was requested to bring the action and refused. The agreement, having been made since the domestic relations law became operative, did not require the intervention of a trustee. It was made for the sole benefit of the wife. She is the real party in interest, the action was maintainable by her, and her assignee stands in her shoes.

The judgment must be affirmed, with costs. All concur.