SCHROEDER v. FINE et al.

(Supreme Court, Appellate Term.　October 16, 1911.)

1. PLEADING (§ 311*)—COMPLAINT—ANNEXATION OF INSTRUMENT SUED ON—
EFFECT.
 The annexation of a copy of the contract sued on to the complaint and
the reference therein to the contract are equivalent to a recital in the
complaint of the facts alleged in the contract.
 [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 311.*]

2. PRINCIPAL AND AGENT (§ 47*)—CONTRACTS OF EMPLOYMENT—CONSTRUCTION.
 A contract employing for a commission a traveling salesman in a spec-
ified territory, without giving any exclusive right to solicit orders for the
employer in that territory, does not prevent the employer from employing
other solicitors in that territory, though the salesman agrees to devote
his entire time to the business.
 [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 76,
79; Dec. Dig. § 47.*]

3. EVIDENCE (§ 398*)—CONTRACTS—PAROL EVIDENCE.
 The contract employing a traveling salesman being unambiguous, parol
evidence to show the salesman's exclusive right to solicit business in his
territory was inadmissible, especially where his complaint in an action
for commissions on orders not procured by him did not allege any exclu-
sive right.
 [Ed. Note.—For other cases, see Evidence, Dec. Dig. § 398.*]

Appeal from City Court of New York, Special Term.

Action by George Schroeder against Samuel Fine and another, co-
partners doing business under the firm name of A. Fine & Sons.
From an interlocutory judgment, entered in the City Court of the City
of New York, overruling a demurrer to the first cause of action al-
leged in the complaint, defendants appeal. Reversed, and demurrer
sustained, with leave to plaintiff to plead anew.

Argued before SEABURY, GUY, and COHALAN, JJ.

Meyer Levy, for appellants.
Rogers & Rogers, for respondent.

SEABURY, J.　This appeal arises from an interlocutory judgment
overruling the demurrer to the first cause of action alleged in the com-
plaint.　The cause of action referred to is to recover commissions
claimed to be due the plaintiff as a salesman under a contract referred
to in the complaint and annexed thereto.

[1] The annexation of a copy of the contract to the complaint and
the reference in the complaint to it is equivalent to a recital in the
complaint of all the facts alleged in the contract.　Spence v. Woods,
134 App. Div. 182, 118 N. Y. Supp. 807.

[2] The plaintiff's right to commissions is based upon the claim
that the defendants received orders "in and for" the territory in which
the plaintiff was employed as a salesman.　An examination of the
contract makes it clear that, while the plaintiff was employed "as a
traveling salesman" in a specified territory, he was not given any ex-
clusive right to solicit orders for the defendants in that territory.　Un-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

der this contract the defendants had the right to employ other salesmen within the same territory within which they employed the plaintiff to work. The fact that by the terms of the contract the plaintiff agreed to devote his entire time and attention to the business of his employers is entirely immaterial. The contract itself is not inconsistent with the right of the defendants to employ several salesmen on the same terms.

The case of Taylor v. Enoch Morgan Sons, 124 N. Y. 184, 26 N. E. 314, upon which respondent relies, is not in point, because in that case the contract provided that the salesman "was to have the exclusive right to represent and sell defendant's soaps in those states, and that he should not be interfered with by the company or its salesmen."

[3] The learned court below overruled the demurrer, upon the ground that the contract was ambiguous, and that parol evidence might be introduced to show that the plaintiff had such an exclusive right to solicit orders in the territory specified. To us the contract seems clear and unambiguous, and no reason appears why the plaintiff should be permitted to go outside of it and add other terms to it. Moreover, the complaint nowhere alleges any *exclusive* right in the plaintiff.

Judgment reversed, and demurrer sustained, with $10 costs and disbursements, and with leave to the plaintiff to plead anew within six days, upon payment of costs in this court and in the court below. All concur.