## DUCAS v. DUCAS.

(Supreme Court, Appellate Division, First Department. May 3, 1912.)

1. CANCELLATION OF INSTRUMENTS (§ 35*)—SEPARATION AGREEMENT—SETTING ASIDE—NECESSARY PARTIES.

A wife sued to set aside for fraud a separation agreement joined in by herself, defendant (her husband), and a trustee, by which defendant agreed to pay to the trustee a certain sum each year for the wife's support, and a certain sum each year for the maintenance and education of the son during minority, and the trustee covenanted to indemnify the husband from any other claim or liability accruing after the date of the agreement, either for the wife's support or the son's maintenance. Code Civ. Proc. § 452, provides that the court may determine the controversy as between the parties before it where it can do so without prejudice to the rights of others or by saving their rights, but, where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in. *Held*, that both the trustee and son were necessary parties, both having an interest in the agreement sought to be canceled, and the trustee being a party thereto.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 55–65; Dec. Dig. § 35.*]

2. PARTIES (§ 32*)—EQUITY.

As a rule, all persons interested in the subject-matter of a suit in equity or whose rights may be affected by the judgment should be made parties, to prevent a multiplicity of actions and secure a final determination of their rights.

[Ed. Note.—For other cases, see Parties, Dec. Dig. § 32.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by Rachel N. Ducas against Benjamin P. Ducas. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Reversed, and demurrer sustained.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Edward W. Hatch, of New York City, for appellant.
Amos H. Evans, of New York City, for respondent.

McLAUGHLIN, J. Action between husband and wife to set aside a separation agreement on the ground of fraud. The agreement is annexed to and made a part of the complaint. It is between the defendant as party of the first part, plaintiff as party of the second part, and one Guggenheimer, as trustee, party of the third part. It provides that the parties of the first and second part shall live separate and apart from each other until the death of either one; that neither will at any time sue or suffer the other to be sued in an action for separation for living separate and apart from the other; that neither will compel the other to live with him or her; and that neither will disturb or molest the other. The custody of an infant son is awarded to the mother, subject to certain rights of the father, and the husband agrees that he will pay to the trustee named in the agreement the sum of $4,000 per annum for the maintenance and support of the wife during her life and $2,000 a year for the maintenance, support, and education of the son during his minority, such payments to be made in equal monthly installments on the 1st day of each month. The wife agrees to accept the provisions therein made in lieu of any and all other claims or provisions for her support or the support, maintenance, and education of the son. She and the trustee covenant and agree with the husband to indemnify and save him harmless from any other claim or liability accruing after the date of the agreement for her support and for the support, maintenance, and education of the son.

The defendant demurred to the complaint upon two grounds: (a) That there is a defect of parties defendant in that Guggenheimer, the trustee, is not made a party; and (b) that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled and defendant appeals.

[1] The Code of Civil Procedure (section 452) provides that:

"The court may determine the controversy as between the parties before it, where it can do so without prejudice to the rights of others or by saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in."

[2] It is a general rule in equity that all persons interested in the subject-matter of an action should be made parties in order to prevent a multiplicity of actions and secure a final determination of their respective rights. Osterhoudt v. Board of Supervisors, 98 N. Y. 239. All persons whose rights may be affected by the judgment should be made parties. Mahr v. N. U. F. Ins. Soc., 127

N. Y. 452, 28 N. E. 391; First National Bank v. Shuler, 153 N. Y. 163, 47 N. E. 262, 60 Am. St. Rep. 601.

In Lord v. Lord, 68 Hun, 537, 22 N. Y. Supp. 1004, it was held that where an agreement of separation, made by the husband and wife and a trustee, contained a covenant on the part of the husband to pay certain annual sums to the trustee for the wife's support, and the trustee agreed to indemnify the husband for the wife's debts, the wife could not maintain an action against the husband without the presence of the trustee as a party. In Galusha v. Galusha, 138 N. Y. 272, 33 N. E. 1062, which was an appeal from a judgment of the late General Term affirming a judgment in favor of defendant sustaining a demurrer to the complaint in an action to set aside a separation agreement and for other relief, it was held that the trustee named in the agreement was a necessary party to the action. The court said, referring to the opinion delivered on a former appeal in the same case (116 N. Y. 635, 22 N. E. 1114, 6 L. R. A. 487, 15 Am. St. Rep. 453):

"That decision is authority for two propositions which must be accepted as the law of this case: First, that the deed of separation cannot be annulled in an action to which the trustee is not a party. * * * *"

By the agreement here under consideration the payments were to be made not to the wife, but to the trustee for her benefit, as well as for the benefit of the son. If the husband had failed to make the payments as provided in the agreement, then the one to enforce the same would have been the trustee, and if the plaintiff should procure a judgment in this action, without the presence of the trustee and the infant, it is difficult to see what protection it would be to the trustee if he were called upon to enforce the agreement for the benefit of the son. The son certainly has an interest in the agreement, and it cannot be set aside without his having an opportunity to be heard. The trustee also has an interest because he covenanted to indemnify the husband against any claim for the support of the wife, or the support and education of the infant. He is also, being a party to the agreement, entitled to be heard upon the question of fraud.

The judgment appealed from therefore is reversed, with costs, and the demurrer sustained, with costs on the first ground only, with leave to the plaintiff to serve an amended complaint on payment of the costs in this court and in the court below. All concur.

---

(76 Misc. Rep. 429.)

M. H. MARCUS & BRO. v. NATIONAL FILM DISTRIBUTING CO.

(Supreme Court, Appellate Term. May 3, 1912.)

1. CORPORATIONS (§ 425*)—AUTHORITY OF OFFICER—EXECUTION OF NOTES—ESTOPPEL OF CORPORATION.

Where, in an action by the innocent purchaser of a check given in the name of a corporation by its treasurer, there was no evidence that the plaintiff purchased the check with knowledge of any previous transac-