### WHITE CO. v. WHITE MOTOR CO. et al.

(Supreme Court, Appellate Division, First Department. December 31, 1913.)

1. EVIDENCE (§ 597*)—SUFFICIENCY.
    A verdict based on mere guesswork cannot be supported.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2449; Dec. Dig. § 597.*]

2. PRINCIPAL AND AGENT (§ 81*)—CONTRACTS OF AGENCY—CONSTRUCTION.
    Where a contract making defendant plaintiff's sales agent merely provided that plaintiff should establish no other dealer in the city of defendant's residence, that stipulation did not preclude plaintiff from making sales direct to customers.
    [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 194–214, 219, 223; Dec. Dig. § 81.*]

3. EVIDENCE (§ 441*)—PAROL EVIDENCE TO VARY WRITTEN INSTRUMENT.
    Where a contract for an exclusive sales agency did not provide for a payment of commissions upon sales made direct by the principal, an oral agreement to pay such commissions cannot change the terms of the written contract, and no recovery can be had thereon.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1719, 1723–1763, 1765–1845, 2030–2047; Dec. Dig. § 441.*]

Appeal from Trial Term, New York County.

Action by the White Company against the White Motor Company, a corporation, and another. From a judgment for plaintiff and in favor of defendants on their counterclaim, plaintiff appeals. Reversed and remanded.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Walter L. Post, of New York City, for appellant.
Louis Levy, of New York City, for respondent.

SCOTT, J. Plaintiff sues for $4,250 upon two promissory notes made by defendant company and indorsed by defendant Saitta. The jury rendered a verdict for only $1,051.51, allowing defendant a coun-

terclaim of about $3,200. Defendants do not appeal. We are therefore only concerned with the counterclaim which the jury allowed. Defendant company, under the former name of the S. & V. Motor Company, made a contract on July 5, 1910, to act as selling agent for plaintiff in Brooklyn. This contract ran until June 30, 1911. The name was afterwards changed, or a successor company incorporated under the name of the White Motor Company, which took over the business and obligations of the S. & V. Motor Company. On July 31, 1911, this contract was renewed for another year, by a letter, which referred for its terms to forms of contracts used by plaintiff, which differed in no material part from the first contract. In October, 1911, the notes in suit were given, becoming due in December. They were not paid. Plaintiff, being dissatisfied with defendant's management of the business, terminated the contract on April 1, 1912. The counterclaim which has been allowed is for a 20 per cent. commission on six taxicabs sold by plaintiff direct to a Brooklyn Company, the defendant claiming and the court holding that, if these sales were actually made before April 1, 1912, defendant was entitled to the commission.

[1-3] I think the judgment is wrong on two grounds: First. The only evidence in the case as to the sale of the cabs is that they were sold after April 1, 1912. It is mere guesswork that they were in fact sold earlier. Second. There is nothing in the contract which forbids plaintiff to make sales in Brooklyn, or which gives defendant the right to a commission on sales made in Brooklyn. The only clause in the contract bearing on the subject is an undertaking on the part of plaintiff "to establish no other dealer in the city of Brooklyn during the continuance of this contract." This does not forbid them to make sales themselves. There is some evidence of an oral agreement to allow defendant commissions on sales made by plaintiff in Brooklyn, but this cannot control or vary the written contract.

The judgment appealed from must be reversed and judgment directed for the plaintiff for the amount of the note and interest, with costs to appellant. All concur.