BELLE HARPER HUGHES CAZZANI, Respondent, v. TITLE GUAR-
ANTEE AND TRUST COMPANY, Appellant.

First Department, December 1, 1916.

Trust — deed of trust of personal property — when remaindermen
acquire beneficial interest in trust fund — such remaindermen neces-
sary parties to suit to revoke trust — interest may be beneficial
although not descendible, devisable or alienable.

A deed of trust of personal property in which the grantor is named life
beneficiary, which further provides that upon his death the trust estate
shall be divided into a number of equal shares the income of which shall
be paid over to specified beneficiaries for life and upon the death of any
beneficiary the share set aside for him shall be transferred to such per-
sons as the grantor shall name by will, or, in default of such directions,
then to be distributed under the intestate laws of the State, creates in the
specified remaindermen a vested beneficial interest, although being life
estates, they are neither descendible nor devisable and are made inalien-
able by the statute.  Hence, such remaindermen are necessary parties
to a suit to revoke the deed of trust.

APPEAL by the defendant, Title Guarantee and Trust Com-
pany, from an order of the Supreme Court, made at the New
York Special Term and entered in the office of the clerk of the
county of New York on the 10th day of June, 1916, overruling
a demurrer to the complaint.

*Harold Swain,* for the appellant.

*Louis Lowenstein,* for the respondent.

PAGE, J.:

The action is brought by the plaintiff to revoke a deed of
trust whereby she granted certain personal property to the
defendant upon trust, among other things, to manage the
property, collect and receive the income and profits therefrom
and pay the said income to the grantor for life, and upon the
death of the grantor, in trust to divide the said property into
four equal parts or shares and to pay over the net income of one
of such shares to Mary A. Harper, mother of the grantor
during her life; and to pay the income of another such share

to Oro Harper Halsey, sister of the grantor, during her life; and to pay the income of another such share to Robert Occle Harper, brother of the grantor, during his life; and to pay the income of the fourth share to William George Harper, a brother of the grantor, during his life; and upon the death of either of these said four persons the share set aside for such person was directed to be transferred by the trustee to such person or persons as the grantor should direct by her last will and testament, and in default of such direction then to pay the principal thereof over to the next of kin of the grantor in the manner and proportion directed by the laws of the State of New York as to the distribution of estates of persons dying intestate.

The defendant has demurred to the complaint on the ground that the four persons named as beneficiaries in the deed of trust, namely, Mary A. Harper, Oro Harper Halsey, Robert Occle Harper and William George Harper are necessary parties to the action and the court cannot properly determine the controversy without them.

The question raised upon the demurrer was whether these said parties have a beneficial interest in the deed of trust. If they have no such interest therein, then the plaintiff is clearly entitled under section 23 of the Personal Property Law (Consol. Laws, chap. 41 [Laws of 1909, chap. 45], as added by Laws of 1909, chap. 247) to revoke it and they would not be necessary parties to the action. The learned court at Special Term held that the income to the mother, brothers and sisters of the plaintiff after the plaintiff's death was neither descendible nor devisable, and, it being income from a trust fund and hence made inalienable by the Personal Property Law (§ 15), was not a beneficial interest in the trust since it was neither descendible, devisable nor alienable. (Citing *Robinson* v. *N. Y. Life Ins. & Trust Co.*, 75 Misc. Rep. 361, and *Dale* v. *Guaranty Trust Co.*, 168 App. Div. 601.) In the case of *Robinson* v. *N. Y. Life Ins. & Trust Co.* (*supra*), relied upon by the court, it was said (at p. 367): "A person having an expectant estate in a trust fund which is descendible, devisable or alienable is certainly a person beneficially interested. The converse of this proposition seems to be equally plain. One whose interest is not descendible,

devisable or alienable cannot be said to be beneficially interested. If the interest which one has in a trust estate possesses none of these attributes it cannot be said to be a beneficial interest." The present case clearly shows that the language so used by the court in that case was used inadvisedly. The mother, brothers and sisters of the grantor in the case at bar have, during their lives, a vested remainder in the trust estate. They are persons in being, who, if the grantor and life tenant should now die, would be instantly entitled to the income of their respective shares. Naturally their interests being only life interests are neither descendible nor devisable, and by statute they are made inalienable, but this same fact would be true if the grantor were now dead, and if they were now enjoying the present beneficial use and income from their respective shares. Such right to the income would, under the statute, be inalienable (*Dale* v. *Guaranty Trust Co., supra*), and, of course, being a life interest would be neither descendible nor devisable. There can be no doubt that such an interest would be a beneficial interest in the deed of trust, in spite of the fact that it was neither descendible, devisable nor alienable. It is clear that though every interest which is descendible, devisable and alienable is a beneficial interest, it does not follow that an interest which has none of these attributes is necessarily not a beneficial interest. Inasmuch as these parties clearly have an interest in the deed of trust, it cannot be revoked without their consent, and they are necessary parties to the action.

The order overruling the demurrer should be reversed, with costs, and the demurrer sustained, with ten dollars costs, and with leave to the plaintiff to serve an amended summons and complaint, bringing in the omitted parties.

CLARKE, P. J., SCOTT, SMITH and DAVIS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and demurrer sustained, with ten dollars costs, with leave to plaintiff to amend on payment of costs.