SARAH A. McKNIGHT, Respondent, *v.* BANK OF NEW YORK AND TRUST COMPANY et al., Appellants.

(Argued October 7, 1930; decided November 18, 1930.)

*Langdon P. Marvin, Richard S. Emmet* and *Edwin M. Bohm* for appellants. The determination that the trust has been revoked is erroneous. (Pers. Prop. Law, § 23; *Whittemore* v. *Equitable Trust Co.*, 162 App. Div. 607; 250 N. Y. 298.) The remaindermen are beneficially interested. (*Whittemore* v. *Équitable Trust Co.*, 250 N. Y. 298; *Court* v. *Bankers Trust Co.*, 172 App. Div. 955; 221 N. Y. 608.) There is a defect of necessary parties defendants. (*Cazzani* v. *Title Guarantee & Trust Co.*, 220 N. Y. 683; *Delcambre* v. *Delcambre*, 210 N. Y. 460; *Landon* v. *Townshend*, 112 N. Y. 93; *Jackson* v. *Tallmadge*, 246 N. Y. 133; Williston Cont. §§ 396. 400; *Ducas* v. *Ducas*, 150 App. Div. 397.)

*Harold C. Finn* and *John J. McGann* for respondent. The only person beneficially interested in the trust is the settlor. (*Whittemore* v. *Equitable Trust Co.*, 162 App. Div. 607; *Gage* v. *Irving Bank & Trust Co.*, 222 App. Div. 92; 248 N. Y. 554; *Cram* v. *Walker*, 173 App. Div. 805; *Stella* v. *New York Trust Co.*, 224 App. Div. 50; *Holbert* v. *Jackson*, 235 N. Y. Supp. 642; *Robertson* v. *New York Life Ins. & Trust Co.*, 133 N. Y. Supp. 257; *Crackanthorpe* v. *Sickles*, 156 App. Div. 753; *Court* v. *Bankers Trust Co.*, 221 N. Y. 608; *Corbett* v. *Bank of*

*New York & Trust Co.*, 229 App. Div. 570.) The trustee alone is the proper party defendant in suits to set aside a deed of trust on the ground of fraud. (*Rogers* v. *Rogers*, 3 Paige Ch. 379; *Landon* v. *Townshend*, 112 N. Y. 93; *Jackson* v. *Tallmadge*, 246 N. Y. 133; *Wakeman* v. *Grover*, 4 Paige Ch. 23; 11 Wend. 188; *Loomis* v. *Cline*, 4 Barb. 453; *Russell* v. *Lasher*, 4 Barb. 233; *Brach* v. *Moen*, 4 Fed. Rep. [2d] 786; *New York Life Ins. Co.* v. *O'Brien*, 27 Fed. Rep. [2d] 773.)

CRANE, J. On the 1st day of November, 1928, Sarah A. McKnight made and executed a deed of trust wherein and whereby she constituted the defendants trustees to pay the income from a trust property, all of which was personalty, to herself for life, and upon her death to pay the balance to certain named beneficiaries. The following year she attempted to revoke this trust, and the courts below have held that she had accomplished this purpose. The trust instrument gave to her no specific power of revocation. It recited that whereas the settlor desired to relieve herself of the care of her estate and to establish a trust, she agrees to transfer to the Bank of New York and Trust Company and William G. Pilgram, trustees, here mentioned, to have and to hold in trust:

"*First.* To invest and reinvest the same and from time to time to change the investments of said principal sum and then receive the rents, issues, profits and income therefrom derived and to pay therefrom the expenses of investments, taxes, assessments, insurance and all other necessary and proper charges and expenses incurred, and to pay over the net balance of said income in monthly installments to said Settlor so long as she shall live, provided nevertheless that if said net income should prove insufficient for the maintenance and care of the health and comfort of the said Settlor, it shall be proper for the Trustees or Trustee or their successor or successors to use as much of the principal as may be necessary for the physical well being of the Settlor."

Upon the death of Sarah A. McKnight the trust deed directs the trustees to pay out the balance after paying the debts and the funeral expenses, to twenty-one or more named beneficiaries, stating the amount to go to each, with the residue, if any, to one Mrs. Natalie Garvey.

We do not read this agreement as giving to Mrs. McKnight the full control and disposition over the principal of the trust. The trustees were given a certain amount of discretion in applying the principal to the settlor's needs. She was not the sole person to decide what would be sufficient for her maintenance, health and comfort. It may be that a court would grant some relief as against recalcitrant trustees who refuse to meet the situation, but the underlying fact justifying the use of the principal was the insufficiency of the income for the maintenance and the care of the health and comfort of the settlor. Probably the trustees and the settlor would always be in agreement upon this point. Yet, if it appeared to the trustees that the settlor desired the principal, not for support, but for some other purpose, or in an attempt to revoke or cripple the trust, their judgment would have to be considered. Whichever way we look at it, we do not think these words amounted to a reservation of a power of revocation, or gave to the settlor absolute power of disposition of the principal. The case of *Whittemore* v. *Equitable Trust Co.* (162 App. Div. 607), relied upon by the Appellate Division, is inapplicable. The rule as laid down in *Whittemore* v. *Equitable Trust Co.* (250 N. Y. 298) is rather to be chosen.

We conclude, therefore, that this trust agreement was irrevocable within section 23 of the Personal Property Law (Cons. Laws, ch. 41).

If this were all of the case we would not be obliged to determine the sufficiency of the parties. In *Cazzani* v. *Title Guarantee & Trust Co.* (175 App. Div. 369; affd., 220 N. Y. 683) it was determined that the living beneficiaries under such a trust agreement were necessary

parties to the action to revoke it. They were not made parties in this case, and the objection to the defect would be good were the trust revocable. As we determine that the trust is irrevocable without the consent of these beneficiaries, the point would be immaterial, were it not for the other cause of action set forth in the complaint.

This alleges that the agreement was procured from the plaintiff by fraud and duress and false representations of the defendants. While there is only one cause of action set forth in the complaint — and that to procure a revocation of the trust upon the ground of fraud — yet the Appellate Division has ruled that the trust was revocable at will, which resulted in the Special Term subsequently granting judgment on the pleadings for the plaintiff. As the trust was not revocable by the plaintiff without the consent of the beneficiaries, the issue of fraud remains to be tried, and the question also remains whether or not in such an action the beneficiaries should be made parties. The general rule is that in an action to revoke or cancel a deed of an endowment or settlement of property, or creating a trust, all the designated beneficiaries as well as the trustees are necessary parties. (Black on Rescission and Cancellation [2d ed.], vol. 3, § 662; *Hess* v. *Hess*, 233 N. Y. 164; *Ducas* v. *Ducas*, 150 App. Div. 397; *McDonald* v. *Frazier*, 49 How. Pr. 320; *Conkling* v. *Davies*, 53 How. Pr. 409; *Moore* v. *Hegeman*, 6 Hun, 290.)

Not always is it easy to determine in an action of this kind who should be made parties or who are beneficially interested, but the prevailing equitable rule appears to be that all those who are living and are beneficially interested should be made the parties in an action to set aside or revoke an instrument or deed of trust. The exception to the rule which permits the trustee to represent as sole party the beneficiaries is said in *Vetterlein* v. *Barnes* (124 U. S. 169) to be the case where a stranger to the transaction seeks to set aside the trust agreement

as a fraud upon him, generally, a creditor. The rights of such third parties most always exist anterior to the making of the trust deed. (*Sears v. Hardy*, 120 Mass. 524, 529, cited in the *Vetterlein* case; see, also, a statement of the exceptions in *Jackson v. Tallmadge*, 246 N. Y. 133.) Plaintiff in this case created a trust requiring the defendants to pay her the income of property for life, and at her death directing them to pay it to the beneficiaries, as above stated. The persons most deeply interested in the maintenance of this trust agreement are these beneficiaries. While the trustees are interested to the extent at least of refuting the charges of wrongdoing, the financial interest rests with the remaindermen. They are entitled to their day in court to be heard upon the validity of the instrument and the legality of the acts of the trustees. In this day when delays and circuity of action are to be avoided and the rights of all parties are sought to be settled in one action, this case should not proceed against the trustees alone — the beneficiaries are necessary as well as proper parties.

The judgment dismissing the complaint is, therefore, reversed and the matter remitted to the trial court for disposition upon the issues of fraud. A defect of parties is not a ground for the dismissal of the complaint. (*Spaulding v. First National Bank*, 210 App. Div. 216; *New Amsterdam Casualty Co. v. Mobinco Brokerage Co.*, 219 App. Div. 486; Rules Civ. Prac. rules 102 and 106.) The parties, therefore, may apply to the Special Term for the appropriate relief to amend the summons and complaint so as to bring in these necessary parties.

The judgment of the Appellate Division and that of the Special Term should be reversed and the motion for judgment on the pleadings denied, with costs in all courts.

POUND, KELLOGG, O'BRIEN and HUBBS, JJ., concur; CARDOZO, Ch. J., and LEHMAN, J., concur on the first ground stated in the opinion.

Judgments reversed, etc.