STEINWAY BUILDING CO., INC., Respondent, *v.* GEORGE PAXINOS, Respondent, Impleaded with CONSTANTINE S. BROCOUM, Appellant.

Second Department, January 29, 1932.

*Mortimer H. Israel*, for the appellant.

*Joseph J. Schwartz* [*Henry Zacks* with him on the brief], for the plaintiff, respondent.

*Robert Molinari*, for the respondent Paxinos.

CARSWELL, J. The plaintiff, Steinway Building Co., Inc., owns a parcel of real property in Astoria. It contains several stores. One has been leased since 1919 to defendant Brocoum. In it he has

operated a confectionery store. On May 1, 1926, an adjoining store in the same parcel was leased to defendant Paxinos for use as a restaurant. The lease contained a provision reading:

" 23rd. It is further agreed between the parties hereto that the landlord will not rent or permit the use of any portion of the corner plot of the premises hereby let form a part, [sic] for a restaurant, coffee pot, cafeteria or lunch room purposes during the term of this lease."

On January 27, 1927, a new lease was made to defendant Brocoum involving the then occupied corner store and two smaller stores. The corner store, No. 282 Grand avenue, was immediately contiguous to the restaurant of Paxinos; the two small stores around the corner fronted on Second avenue. When this lease was made, Brocoum was conducting a confectionery store. In the lease to Brocoum were these provisions: " and at an annual sum or rental of $6000 for the remaining five years of said term to be used and occupied *only* for confectionery and ice cream business upon the conditions and covenants following: * * * 22nd. The landlord hereby consents to the subletting of the two small stores fronting on Second Avenue and forming part of the premises hereby let, for any reputable business, except that the said store premises or any portion thereof are not to be used or let as a restaurant, coffee pot, cafeteria or lunchroom purposes during the term of this lease * * *."

With this situation existing, the defendant Brocoum, in September, 1929, began the sale of sandwiches, coffee and cake, a practice which he had not pursued in the ten years of his occupancy prior to that date. Demand was made upon Brocoum in October, 1929, to desist, and he did until September 1, 1930, when he resumed the sale of such luncheonette in competition with the restaurant of Paxinos. This resumption precipitated this action on November 22, 1930, in which was sought a declaration of the rights of the parties and injunctive relief against defendant Brocoum. Defendant Brocoum, *inter alia*, has been enjoined from selling sandwiches, coffee or cake or articles other than confectionery. Brocoum asserts that he has been improperly enjoined. The propriety of the judgment rests upon the proper construction of the language contained in the foregoing provisions.

Appellant Brocoum insists that to-day other confectionery stores " sell luncheonette," just as some drug stores sell alarm clocks and fishing tackle. He asserts that his sales of sandwiches, coffee and cake do not violate the limitation upon the use of the store " only for confectionery and ice cream business."

Whether Brocoum's contention is sound depends upon the fair meaning of the language in which the engagements of the parties

were cast, read in the light of the circumstances in which they used that language. It matters not that some confectionery stores sell luncheonette because they are not subject to limitation by their leases or for other reasons, if the parties herein by the language of their engagements intended that the use authorized should exclude the sale of luncheonette. " The intention of the parties must be sought for in the language used. To understand the language we may put ourselves in their place and discern, if possible, the objects they had in view and the motives which dictated their choice of words." (*Halsted* v. *Globe Indemnity Co.*, 258 N. Y. 176.)

When the lease was made to defendant Paxinos to operate a restaurant in the adjoining store, the defendant Brocoum was operating a confectionery store next door. The manner in which he was then conducting the confectionery store was in the minds of the parties when the new lease was made to defendant Brocoum on January 27, 1927, and prior thereto. The user that he was then making was satisfactory to the then landlord and to the adjoining tenant, Paxinos, who had received his lease on May 1, 1926, and to whom the landlord was obligated respecting the character of use made of the several stores. It was, therefore, sufficient to provide that the premises were to be used " only for confectionery and ice cream business " so far as the corner store was concerned, which was then so used by Brocoum. When it was necessary to provide for the possibility that Brocoum might sublet the two small adjoining stores, special provision had then to be made for their use. This fact no doubt caused the added or special language to be set out in the paragraph which authorized defendant Brocoum to sublet the two small stores subject to the limitation that they were not to be used for " restaurant, coffee pot, cafeteria or lunch room purposes." If no subletting took place, the limitation of the use of the premises " only for confectionery and ice cream business " was sufficient to protect the landlord in its obligations under its lease to defendant Paxinos. The term " confectionery and ice cream business " is to be interpreted in the light of the situation existing in the premises when these leases were made. When the leases were made the Brocoum store was used " only for confectionery and ice cream business," that term connoting the use then made by Brocoum and the character of user made for many years prior to 1926. That user did not include the sale of luncheonette, *i. e.*, sandwiches, coffee and cake. Thus the conduct of the parties fixed the meaning to attach to " confectionery and ice cream business " in this case, however differently those terms might properly be defined in another case and under different circumstances. Accordingly, defendant Bro-

coum was properly enjoined from the sale of sandwiches, coffee and cake as a consequence of his engagement to use his store " only for confectionery and ice cream business."

This view of the situation herein and of the effect of the covenants upon the rights of the parties is in accord with *Waldorf-Astoria Segar Co.* v. *Salomon* (109 App. Div. 65; affd., on opinion below, 184 N. Y. 584). It is merely a construction of the covenants in the light of the character of the user as a confectionery store of defendant Brocoum when the lease was made to defendant Paxinos on May 1, 1926, and the new lease made to defendant Brocoum on January 27, 1927. It also coincides with the practical construction of the covenants made by the parties in 1929. Nothing that is controlling in *Peoples Trust Co.* v. *Schultz N. & S. G. Co.* (244 N. Y. 14) militates against the result had herein.

The question raised with respect to the money judgment as between defendant Brocoum and defendant Paxinos has become academic, since the sum has been compromised for a lesser amount and a satisfaction delivered upon the express promise of defendant Brocoum not to proceed with the appeal respecting that element. (*Hayes* v. *Nourse*, 107 N. Y. 577.)

The judgment should be affirmed, with costs.

Present — LAZANSKY, P. J., YOUNG, KAPPER, HAGARTY and CARSWELL, JJ.

Judgment unanimously affirmed, with costs.