EDWIN R. LYNDE, Appellant, v. ELWOOD A. CURTIS, Respondent.— Order denying plaintiff's motion to strike out certain portions of the amended answer affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur.

BEATRICE MAUZER, Respondent, v. LAMAR AUTO COMPANY, Appellant, and Others, Defendants.— Judgment reversed on the law and the facts and a new trial granted, with costs to abide the event. The supplemental complaint did not supersede the original complaint. The supplemental answer of the Lamar Auto Company did not supersede its answer to the original complaint. (3 Carmody N. Y. Prac. § 1143.) The record does not affirmatively disclose that the application to serve the supplemental complaint was for leave to have it supersede the original complaint (Civ. Prac. Act, § 245); on the contrary, it discloses that the sole purpose of the supplemental pleading was to use it " in addition to " the previous pleading, and not " in place of " the former pleading. It was, therefore, error for the court to charge, at folio 765, that the pleadings established that the car at the time of the accident was under the control of the Lamar Auto Company. It was prejudicial error because it concluded that defendant on the vital factual issue which related to whether or not Glaser, the chauffeur, had permission, express or implied, to use the car at the time the accident occurred. There was no evidence that Lamar Auto Company gave Glaser any such permission. Such evidence as bore on that point was to the effect that such permission, express or implied, came from Schaeffer, who had rented the auto from the Lamar Auto Company. The consent of the Lamar Auto Company had to flow from or through Schaeffer to Glaser. The court set aside the verdict against Schaeffer, presumably on the theory that the evidence did not present a question of fact on whether or not Schaeffer had given Glaser consent, express or implied, to use the car. That ruling is not conclusive on this appeal. The court should have permitted the Lamar Auto Company to amend its answer so as to make its supplemental answer conform to its original answer. Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur.

PHILIP E. NEWMARK, Appellant, v. THOENS & FLAUNLACHER, INC., Respondent, and Others, Defendants.— Judgment appealed from affirmed, with costs. In our opinion the contract is not ambiguous and parol evidence as to the intention of the parties was not admissible. The contract did not give the plaintiff and his associates an exclusive agency in the " Garment Centre Section." (Schroeder v. Fine, 131 N. Y. Supp. 575 [not officially published]; White Co. v. White Motor Co., 159 App. Div. 716; section 449 of chapter 14 of Restatement of the Law of Agency.) Hagarty, Scudder and Tompkins, JJ., concur; Lazansky, P. J., and Carswell, J., dissent on the ground that parol evidence was admissible to give the circumstances out of which the contract sprang, who drew it, the meaning to attach to some of its terms, and custom, if any, in the trade or business, by way of explaining the ambiguity in the contract, to the end that its true nature may be determined. (Halsted v. Globe Indemnity Co., 258 N. Y. 176, 179; Steinway Bldg. Co., Inc., v. Paxinos, 234 App. Div. 396, 397.)