■ In the Matter of John D. Young, Individually and as Executive Director and a Member of the Board of Managers of the Watson Homestead, and as Executive Director of the Watson Religious Scholarship Fund, and as Executive Director and Ex-officio Member of the Board of Trustees of the Watson Homestead and the Watson Religious Scholarship Fund, Respondent, against W. Earl Ledden et al., Appellants. In the Matter of Clemen E. Brown, Respondent, against W. Earl Ledden et al., Appellants.—Appeals from two orders of Official Referee Heffernan, entered in the Albany County Clerk's office September 25, 1958, reinstating petitioners-respondents to their respective positions. The proceeding under article 79 of the Civil Practice Act for the construction of an express trust decided, without testimony, on the statement of the Official Referee that counsel conceded there were no factual questions involved and only questions of law. The decision went dehors the record by including extraneous facts. The practice was further indulged in by some of the parties in their briefs before this court. Prior to August 25, 1955, Thomas J. Watson transferred to the Genessee Conference of the Methodist Church the "Watson Homestead" and 2,000 shares of IBM capital stock and in addition contributed shares of IBM stock to the Painted Post Methodist

Church. On the latter date, August 25, 1955, Watson addressed a letter to the Resident Bishop of the Methodist Church and the Cabinet entitled "Declaration of Trust Concerning the Watson Homestead and the Watson Religious Scholarship Fund". The letter recited the conveyance of the Homestead and stock to the above-mentioned Conference and Church, most of which [stock] had been converted into cash and being held awaiting advice from himself and wife as to the manner in which it was to be used and administered. It directed that the gifts were for the purpose of maintaining the Watson Homestead at Coopers Plains, New York, and providing a religious scholarship fund for deserving students, to further the work of the Methodist Church and to give assistance and benefit to people of all faiths and denominations residing in the territory embraced within the Genessee Conference. To carry out his intent, a board of managers was appointed to administer the Watson Homestead, among them being petitioner-respondent Reverend Clemen E. Brown as minister of the Coopers Plains Methodist Church. He likewise appointed a committee to administer the religious scholarship fund. He designated as executive director John D. Young, petitioner-respondent, who was to act as liaison officer between the board of trustees, the Homestead and the Scholarship Fund and perform other administrative responsibilities having to do with the purposes set forth in the letter hereinbefore referred to. It further directed that the trustees should be the Resident Bishop and the Cabinet and that they should have general charge and supervision of all of the above-mentioned real and personal property as well as any gifts that might be thereafter made for the same purposes to the Conference and/or the Painted Post Methodist Church. The petition of Clemen E. Brown recites that he was removed from the board of managers on July 1, 1957, it appearing that at that time he was no longer the minister of the Coopers Plains Methodist Church. The petition of John D. Young recites that he was removed as executive director on May 12, 1958 and prays that the court construe the declaration of trust, compel an accounting and grant appropriate further adjudication. The Referee reinstated both petitioners to their positions and further decreed that in the future, vacancies in the board of managers should be filled by the Supreme Court rather than the board of trustees. If we were to decide the matter on the merits, it would be necessary to further explore the contents of the letter of August 25th but on this appeal, for the first time, the respondent Young and board of managers voiced the objection that proper parties were not before the court inasmuch as the conference and the Painted Post Methodist Church, holders of the "res", were not parties to this proceeding and that any decision construing the declaration of trust would not be binding upon them. (Civ. Prac. Act., §§ 193, 1308; *McKnight* v. *Bank of New York & Trust Co.*, 254 N. Y. 417, 420–421.) The fact that ownership of the property appears upon the face of petitions, before this court can make a proper determination controlling as to all parties, the matter must be remitted to bring in these necessary parties. A determination at this time would be academic as to the conference and Church and leave open the question as to whether any trust exists binding upon them, including the matters on appeal now before this court. The appellants in their argument pose the question that the finding of the lower court was contrary to public policy and that the relationship of employee and employer existed between the parties and therefore, the trustees were within their rights in summarily discharging the petitioners. The orders of the lower court are reversed and the matter remitted to the Special Term, with costs to abide the event. Foster, P. J., Bergan, Gibson and Herlihy, JJ., concur.