Matter of de Sanchez (2021 NY Slip Op 06325)





Matter of de Sanchez


2021 NY Slip Op 06325


Decided on November 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 16, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Moulton, Scarpulla, JJ. 


File No. 2001-3187/S Appeal No. 14612 Case No. 2021-00065 

[*1]In the Matter of Elizabeth L. de Sanchez, Grantor.
Pedro Arellano Lamar, as Personal Representative of the Estate of Elizabeth L. de Sanchez, Objectant-Appellant,
JPMorgan Chase Bank, N.A., Respondent-Respondent.


Dorsey & Whitney LLP, New York (Mark S. Sullivan of counsel), for appellant.
Duane Morris LLP, New York (Charles J. Keeley of counsel), for respondent.



Order, Surrogate's Court, New York County (Nora S. Anderson, J.), entered November 23, 2020, which denied objectant's motion for partial summary judgment seeking a ruling that the trustee, respondent JPMorgan Chase Bank, N.A., breached its fiduciary duty by failing to retain a trust's records, and granted the trustee's cross motion for summary judgment dismissing the objections and dismissing the proceeding as moot, unanimously affirmed, without costs.
The Surrogate's Court appropriately concluded, as this Court had in Matter of De Sanchez (107 AD3d 409 [1st Dept 2013]), that the trustee established a prima facie case of revocation of the 5462 Trust at issue. Among other things, the grantor discussed and managed the 5462 Trust in correspondence prior to 1941, but afterwards, referred only to the other trusts created for her children. She also instructed, in 1940, that the 5462 Trust's balance of $60,900 be left un-invested. At that time applicable taxes were significantly increased, providing impetus to revoke the 5462 Trust, and she prepared a new will which omitted any reference to the 5462 Trust. The trustee also had searched for any other relationships or accounts involving the grantor, other than the children's trusts, shortly after she died, and it found none.
As the Surrogate's Court noted, the grantor's family accounts, including the 5462 Trust and the children's trusts, were managed by a single trust officer beginning before 1940 and continuing after grantor's death, so it is unlikely that the trustee would have failed to manage that one trust. The trustee continued to keep extensive records for the children's trusts, and the lack of documentation for the 5462 Trust after 1940 further shows that the trust was terminated at or around that time. Objectant failed to present any evidence to the contrary to raise any triable issue of revocation.
Nor must the 5462 Trust be presumed to be irrevocable. The record evidence shows that Sanchez retained investment control over the 5462 Trust, which indicates that the lost 5462 Trust agreement was revocable (see McKnight v Bank of N.Y. & Trust Co., 254 NY 417, 420 [1930]). In addition, the settlor of a trust for her own sole benefit had the right to revoke it under former Section 23 of the Personal Property Law (see Whittemore v Equitable Trust Co., 162 AD 607, 609 [1st Dept 1914] [quoting former Personal Property Law § 23: "[u]pon the written consent of all the persons beneficially interested in a trust in personal property or any part thereof heretofore or hereafter created, the creator of such trust may revoke the same as to the whole or such part thereof, and thereupon the estate of the trustee shall cease in the whole or such part thereof"]). The record shows that the grantor was the sole beneficiary of the 5462 Trust.
Finally, the Surrogate's Court correctly found that circumstantial evidence showed that the grantor waived any accounting by the trustee. The grantor's son Emilio, executor [*2]of her estate, noted that he and the grantor had not seen any need to settle the accounts in her lifetime, and he did not "see the necessity of all that accounting" after she died. In addition, although her will did not mention the 5462 Trust, she "absolutely" prohibited "judicial intervention" into management of her assets. Having found that the trustee did not breach its obligations, the Surrogate's Court properly dismissed the proceeding.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 16, 2021