(115 App. Div. 115)

MISHKIND–FEINBERG REALTY CO. v. SIDORSKY.

(Supreme Court, Appellate Division, First Department. October 19, 1906.)

1. LIS PENDENS—RIGHT TO CANCELLATION.

     Defendant in an action by the vendee for specific performance of a contract for sale of land is not entitled to cancellation of the lis pendens, on giving an undertaking to secure payment of any judgment plaintiff

may recover, till determination of the question at issue, whether defendant's title is a marketable title.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Lis Pendens, § 33.]

2. PLEADING—SUPPLEMENTAL ANSWER.

Defendant in an action by the vendee for specific performance of a contract for sale of land is entitled to serve a supplemental answer setting up the judgment of the Appellate Division on the submission to it, on an agreed statement of facts, of the question whether defendant's title was marketable, though plaintiff has appealed from that judgment.

Appeal from Special Term, New York County.

Action by the Mishkind-Feinberg Realty Company against Louis Sidorsky. From an order denying motions to cancel notice of pendency of the action, and for leave to serve a supplemental answer, defendant appeals. Reversed in part.

Argued before O'BRIEN, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

J. A. Seidman, for appellant.

Samuel Levy, for respondent.

INGRAHAM, J. The defendant applied for leave to serve a supplemental answer, a copy of which was annexed to the moving papers, and also for an order canceling a notice of pendency of action upon the defendant's giving an undertaking to secure the payment of any judgment which the plaintiff might recover against him in this action. These motions were both denied. So far as the motion to cancel the lis pendens was denied, we think the court was right. The action is for the specific performance of a contract for the sale of real property. The question at issue between the parties is as to whether the title of the defendant to the property is a marketable title, and until that question is finally determined the lis pendens should not be disturbed. This is not a case in which the plaintiff can be protected by an undertaking, as, if the plaintiff succeeds in getting a judgment for a specific performance of the contract, he is entitled to the property. I think, however, that the defendant should have been allowed to serve a supplemental answer. It seems that after the action was at issue the parties agreed upon a statement of facts, and there was submitted to this court the question as to whether the defendant's title was marketable. There seems to have been no written stipulation as to what should be done with this action pending the final determination of that submission; but it is quite clear that the parties must have intended that the proceedings in this action should be suspended until the questions involved in the submission were settled. The case was submitted to this court, and it was determined that the defendant's title to the property was marketable and the plaintiff was directed to specifically perform the contract. There was a dissent, however, and the plaintiff has appealed to the Court of Appeals from the judgment entered upon that submission.

There is a question in the affidavit as to the actual pendency of the appeal at the time this motion was made, but it appeared that the plaintiff intended in good faith to appeal. The subsequent answer seeks to set up the judgment of this court upon the submission, and I think

the defendant is entitled to have that determination presented upon the record, so that advantage can be taken of it when the case is actually tried, and the order, so far as it denies the motion for leave to serve such supplemental answer, should be reversed and the defendant allowed to serve a supplemental answer.

It is proper to state, however, that we think that, if an appeal to the Court of Appeals is properly perfected, this motion should not be tried until that appeal is determined; and the leave granted to serve this supplemental answer is without prejudice, therefore, to an application by the plaintiff for a stay of the proceedings in case the defendant should move the case for trial before the final determination of the appeal to the Court of Appeals.

No costs are awarded in this court or in the court below. All concur.