Louis L. Frirdman, J.
Three motions are here presented for determination: First, defendant’s motion to cancel and discharge a lis pendens, or, in the alternative, grant leave to substitute an undertaking therefor; second, plaintiff’s cross motion for leave to serve an amended complaint adding a cause of action for specific performance and to file an amended lis pendens-, third, motion by plaintiff to strike the second counterclaim from defendant’s amended answer.
The present complaint here sought to be amended, sets forth two causes of action arising out of a claimed breach of contract by defendant for the sale of real property. The first cause alleges damage in the sum of $25,000, being plaintiff’s down payment on the contract. The second seeks damages in the sum of $1,630,000 arising from said breach.
*1094 The court will first discuss the cross motion made by plaintiff, wherein it seeks to serve an amended complaint.
This action was commenced on October 30, 1958. Defendant served an amended answer containing its counterclaim on. January 2, 1959. Plaintiff had a right, as of course, to serve an amended complaint on or before January 22, 1959, or if the amended answer was served by mail, within three days thereafter (Civ. Prac. Act, § 244). Having failed to do so, it was necessary that the instant application be made and it was made on January 29, 1959, either four or seven days after the complaint could have been amended as of course (the difference in time depending on whether the amended answer was served personally or by mail).
A motion such as this is addressed to the discretion of the court (Civ. Prac. Act, § 105; Ponticello v. Prudential Ins. Co., 281 App. Div. 549). The courts have adopted a liberal attitude in permitting amendments to pleadings so that litigants may put their pleadings in such shape as will enable all questions affecting their rights to be determined upon the trial (Newman v. Goldberg, 250 App. Div. 431; Bendan Holding Corp. v. Rodner, 245 App. Div. 723). On motions to amend, the court does not examine into and determine the merits or legal sufficiency of a proposed pleading, unless it appears on the face thereof that the pleading may not even be asserted (Cohen v. Dana, 273 App. Div. 1017; Gillette v. Allen, 269 App. Div. 441; Lazarus v. Rice, 268 App. Div. 985). The better practice is to test the sufficiency of the amended pleading, either after it has been served or at the time of trial (Newman v. Goldberg, supra). The only requirement is that the proposed amendment be sought in good faith, and that no injustice or prejudice will result to the adverse party by reason of such amendment (Hanna v. Mitchell, 202 App. Div. 504, 507, affd. 235 N. Y. 534). It is only where the amendment is sought not for purposes of trial but for an ulterior motive, that the court should refuse to grant leave to amend (Rose v. Rose, 115 N. Y. S. 2d 68), or where it clearly appears that; the moving party will not benefit thereby but that it will result in a waste of time of the trial court (Stanford v. Cayuga Linen & Cotton Mills, 255 App. Div. 928).
Submitted by defendant in opposition to plaintiff’s motion are numerous affidavits, correspondence and other papers in an attempt to show that plaintiff lacks good faith in making the present application. No purpose would be served in setting forth in detail the numerous acts or omissions charged against plaintiff in said answering papers. However, despite careful *1095 analysis of these various documents during the lengthy period of time that this motion has been before the court, the court is unable to come to a conclusion that the plaintiff’s application to amend lacks good faith or that the amendment is not sought on its merits but for the ulterior motive of forestalling defendant’s attempt to obtain a cancellation of the Us penclens. Had plaintiff served its amended complaint just four or seven days sooner, there would have been no need for the present application and defendant’s position under such circumstances would have been exactly as it will be by reason of the granting of the presently sought amendment.
The controversy between the parties arises out of a contract wherein and by which defendant agreed to sell certain real property to the plaintiff for development as a building project. Part of the land in question was being used by the defendant for the purpose of running some of its railroad trains thereupon, and the agreement contemplated the continued use of this railroad right of way. Additionally, part of the land was held by the defendant by virtue of a railroad title instead of a fee title, so that the purchaser, in order to secure good title, would of necessity have to acquire the rights which the title owners of said real property had on the date when the railroad acquired its railroad title, since such property would revert to the heirs of such owners when the railroad ceased to use said land for railroad purposes. In addition, according to the terms of the contract, because steel and concrete piers and beams could not be used to support the planned structures unless the construction thereof still permitted the running of the railroad freight trains over the railroad right of way, it became necessary that the Board of Standards and Appeals be brought into the picture. All of these complications made it evident at the very inception of the contract that it would be a long time before the contract provisions could be fully complied with by the prospective purchaser, plaintiff herein. By reason of all of these facts, the court cannot find at this time that the plaintiff has not been acting in good faith in attempting to complete its obligations under the contract. Accordingly, it is the court’s opinion that the motion made by the plaintiff to amend should be and it is hereby granted as prayed for.
In view of this determination, defendant’s motion to cancel the lis pendens pursuant to section 123 of the Civil Practice Act [Tishman v. Acritelli, 111 App. Div. 237; Mishkind-Feinberg Realty Co. v. Sidorsky, 115 App. Div. 115) is therefore denied as academic. As to that phase of the motion wherein defendant *1096 seeks to substitute an undertaking for the Us pendens pursuant to section 124 of the Civil Practice Act, there is no proof before the court sufficient to show the damage which plaintiff may sustain if plaintiff is ultimately determined to be the successful party in this litigation. The only figures before the court are the amount demanded in the complaint, and certainly that amount may not be used as a criterion in determining how much the undertaking should be. Even if the amount could be determined, upon the service of the amended complaint permitted to be served under this decision, there will be included a cause of action for specific performance. Under such circumstances, a money deposit or undertaking will be inadequate to protect plaintiff’s rights. Accordingly, the motion insofar as it seeks to substitute an undertaking for the Us pendens is denied.
The remaining motion before the court is one by plaintiff to dismiss defendant’s second counterclaim contained in its amended answer, because of its legal insufficiency. In substance, it is alleged therein, that plaintiff, experiencing difficulty in completing its financial arrangements for its construction work, abandoned its intention to purchase the property in question and by devious means, enticed defendant into declaring plaintiff in default under said contract. It is further alleged that plaintiff then “ wrongfully ” commenced an action and filed a Us pendens in connection therewith so that the property could not become the subject of other sale negotiations, and that by reason of these circumstances defendant has suffered damage. Giving these allegations every reasonable inference, they charge in effect, that plaintiff intended to abandon performance of its obligations under the contract, deliberately induced defendant to declare plaintiff in default, deliberately created the situation which permitted plaintiff to commence its action, and through the filing of its Us pendens, prevented any disposition of the subject property by the defendant. It is further alleged that all of this was done for the purpose of compelling a settlement by defendant and thus relieving plaintiff of any liability incurred by virtue of its own abandonment of the contract. In short, plaintiff is charged with the willful use of legal process to accomplish a purpose not sanctioned by law. Abuse of legal process is the malicious perversion of a regularly issued civil or criminal process whereby a result not lawful or properly obtainable under it is secured (4 Carmody-Wait, New York Practice, p. 230; Miller v. Stern, 262 App. Div. 5). In such cause of action, facts must be alleged to show that there has been a willful misuse of the process of the court resulting in damage, *1097 and such allegations thereof are sufficient for the inference of wrongdoing and malicious use arising therefrom. - In such an action, it is not necessary to allege termination of the initial proceeding or want of probable cause (4 Carmody-Wait, New York Practice, p. 231).
The counterclaim under attack meets the requirements aforementioned, and is sufficient to set forth a cause of action for abuses of process. Under such circumstances, the motion to dismiss said counterclaim is denied.
Settle orders on notice.